IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Nou Lee, Bor Pha,  )
          )   2:12-cv-1580-GEB-DAD
    Plaintiffs,  )
          )
    v.    )   ORDER GRANTING DEFENDANT
          )   GREAT AMERICAN INSURANCE
Yia Yang, Yia Yang d.b.a. Yia's  )   COMPANY'S MOTION TO DISMISS[*]
Auto Sales, Yia Yang d.b.a.  )
Plantinum Financial, Yia's Auto  )
Sales, Inc., Great American  )
Insurance Company,  )
          )
    Defendants.  )
_____ )

       Defendant Great American Insurance Company ("Great American") moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiffs' claims alleged against it in the First Amended Complaint ("FAC"). Plaintiffs oppose the motion.

       Each Plaintiff alleges to have purchased a vehicle from Defendant Yia's Auto Sales under a sales contract which misrepresented the annual percentage rate (FAC ¶¶ 18-20, 23-25); and that Defendants engaged in "unlawful and deceptive practices . . . in the sale, and financing of motor vehicles" "based upon the . . . practice of selling and arranging financing for the purchase of automobiles . . . without providing purchasers with statutorily mandated disclosures concerning the terms and conditions of credit." (FAC ¶¶ 1-2.)

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Decision on a Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Great American argues that "the FAC makes no connection . . . between the disputed transactions and Great American." (Mot. to Dismiss 3:10-11.) Plaintiffs respond that Great American is liable "as a surety insurer on a bond issued to [Defendant] Yang pursuant to California Vehicle Code §§ 11710 and 11711." (Opp'n 1:9-11.)

Plaintiffs FAC contains the following factual allegations against Great American:

> Defendant GREAT AMERICAN INSURANCE COMPANY . . . is a corporation authorized to do business in the State of California . . . and is the bonding agent of YIA's AUTO SALES, INC.
>
> At the time of the acts and omissions complaint of herein, Yia's Auto Sales, as principal, and Great American Insurance, as surety, duly executed a bond in the sum of not less than $50,000, conditional on the fact that Yia's Auto Sales would not cause any monetary loss to a purchaser. Plaintiffs are beneficiaries of said bond by virtue of the conduct complained of herein.

(FAC ¶¶ 9, 75.)

Plaintiffs' conclusory allegations against Great American do not state plausible claims for relief. Therefore, Great American's dismissal motion is granted.

Plaintiffs are granted ten (10) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in the referenced claims against Great American.

Dated: September 18, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge