UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOU LEE and BOR PHA, | No. 2:12-cv-1580-TLN-DAD |
| Plaintiffs, | PRETRIAL SCHEDULING ORDER |
| v. | |
| YIA YANG, et al., | |
| Defendants. | |

A scheduling conference was held in this case on August 8, 2013; Bryan Kemnitzer appeared for plaintiffs; Daniel Costa appeared for defendants Yia Yang and Yia Auto Sales, Inc.; and John Fallat appeared for defendant Great American Insurance Company. Having reviewed the parties' Joint Status Report filed on July 29, 2013, and discussed a schedule for the case with counsel at the hearing, the Court makes the following Pretrial Scheduling Order.

I.   SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

## II. ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. sections 1332(d), and 1453.

## IV. CLASS CERTIFICATION

The Plaintiffs' Motion for Class Certification shall be filed by within one (1) week of the Court's ruling on Defendant Great American Insurance Company's Motion to Dismiss.  The Class Certification Hearing is set for **November 14, 2013** at **2:00 p.m.**

## V. DISCOVERY

All discovery, with the exception of expert discovery, shall be completed by **September 30, 2013**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

## VI. MOTION HEARING SCHEDULE

The last day to hear dispositive motions shall be **November 14, 2013**.

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.

Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

VII. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **March 13, 2014** at **2:00 p.m.**  At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

3

familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **February 13, 2014**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they

4

should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered. The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically. Defendants' exhibits shall be listed alphabetically.  The parties

shall use the standard exhibit stickers provided by the Court Clerk's Office: pink for plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

   The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

   The parties also are reminded that pursuant to Rule 16 of the Federal Rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the Court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary

proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

VIII.   TRIAL BRIEFS

The parties shall file trial briefs not later than **February 27, 2014**.  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

IX.   EVIDENTIARY AND/OR PROCEDURAL MOTIONS

Any evidentiary or procedural motions are to be filed by **February 20, 2014**.  Oppositions must be filed by **February 27, 2014** and any reply must be filed by **March 6, 2014**.  The motions will be heard by the Court at the same time as the Final Pretrial Conference.

X.   TRIAL SETTING

The trial is set for **May 19, 2014** at **9:00 a.m.**  Trial will be by jury.  The panel will consist of **eight (8) jurors**.  The parties estimate a trial length of **five (5) days**.

XI.   SETTLEMENT CONFERENCE

A Settlement Conference is set before Magistrate Judge Carolyn K. Delaney on **October 11, 2013** at **9:30 a.m.** Each party is directed to have a principal capable of disposition at the Settlement Conference or to be fully authorized to settle the matter on any terms at the Settlement Conference.

///

Each party is directed to submit to the chambers of Judge Carolyn K. Delaney confidential settlement conference statements not later than October 4, 2013, to ckdorders@caed.uscourts.gov. Such statements are neither to be filed with the clerk nor served on opposing counsel.  However, each party shall notify the other party that the statement has been submitted to the judge's chambers.

XII.  VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271, parties may stipulate at any stage in the proceedings to refer the action, in whole or in part, to the Voluntary Dispute Resolution Program.

XIII.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XIV. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service of this Order.

IT IS SO ORDERED.

DATED: August 12, 2013

Troy L. Nunley
United States District Judge