UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOR PHA and NOU LEE,<br><br>Plaintiffs,<br><br>v.<br><br>YIA YANG; YIA YANG dba YIA'S AUTO SALES; YIA YANG dba PLATINUM FINANCIAL; YIA'S AUTO SALES, INC.; GREAT AMERICAN INSURANCE COMPANY and DOES 3 through 10, inclusive,<br><br>Defendants. | No. 2:12-cv-01580-TLN-DAD<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Great American Insurance Co.'s ("Great American") motion to dismiss Plaintiffs' second amended complaint and to strike Plaintiffs' prayer for punitive damages. (Mot. to Dismiss, Strike Pls.' Prayer for Pun. Damages, ECF No. 75.) Plaintiffs opposed the motion. (Mem. P.&A. Opp'n, ECF No. 79.) The Court heard oral argument on August 8, 2013, with counsel for all parties in attendance. For the reasons set forth at hearing and also set forth below, Great American's motion to dismiss is GRANTED in part, and DENIED in part. Great American's motion to strike Plaintiffs' prayer for punitive damages against Great American is GRANTED.[1]

---

[1] Great American also moved to stay briefing on class certification. (ECF No. 75.) In light of this Court's denial of Plaintiffs' Motion for Class Certification without prejudice to refile at a

1

**BACKGROUND**

This case is a putative class action brought by Plaintiffs Bor Pha and Nou Lee ("Plaintiffs"). Plaintiffs allege that defendants Yia Yang and Yia's Auto Sales, Inc.[2] sold automobiles and arranged financing for those automobiles without providing purchasers with the statutorily required disclosures concerning the terms and condition of credit. Specifically, Plaintiffs allege that the Dealer Defendants listed the annual interest rate as 12% even though the actual rate was in excess of 20%. (Second Am. Compl., ECF No. 73 at ¶ 2.)

Plaintiffs set forth six causes of action for (1) violation of the Rees-Levering Automotive Sales Finance Act, Civil Code § 2983.3 et seq., (2) violation of the Consumer Legal Remedies Act, Civil Code § 1770, et seq., (3) violation of the California Business and Professions Code § 17200 et seq., (4) violation of the Unruh Civil Rights Act, Civil Code § 51 et seq., (5) conversion, and (6) fraud – intentional misrepresentation. Plaintiffs allege the first, fourth, and fifth causes of action against the Dealer Defendants only. Plaintiffs allege the second, third, and sixth causes of action against all defendants including Great American.

Plaintiffs also allege that Great American was a party to a bond executed in favor of defendant Yia's Auto Sales, Inc. pursuant to California Vehicle Code §§ 11710 and 11711. (ECF No. 73 at ¶¶ 28–34.) Great American now moves to dismiss the second amended complaint under Rule 12(b)(6) and moves to strike Plaintiffs' prayer for punitive damages against it.

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define

---

later date (Minute Order, ECF No. 78), that portion of the motion is moot.
[2] Plaintiffs name Defendants Yia Yang, Yia Yang dba Yia's Auto Sales, Yia Yang dba Platinum Financial, and Yia's Auto Sales, Inc. For brevity, the Court will refer to these Defendants collectively as the "Dealer Defendants."

disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

## ANALYSIS

**1.     California Vehicle Code §§ 11710 and 11711**

Great American argues that Plaintiffs have failed to set forth plausible facts alleging a cause of action under the California Vehicle Code. California Vehicle Code § 11710(a) provides:

> Before any dealer's or remanufacturer's license is issued or renewed by the department to any applicant therefor, the applicant shall procure and file with the department a bond executed by an admitted surety insurer, approved as to form by the Attorney General, and conditioned that the applicant shall not practice any fraud or make any fraudulent representation which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency.

Additionally, California Vehicle Code § 11711(a) provides:

> If any person . . . shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer or one of such dealer's salesmen acting for the dealer, in his behalf, or within the scope of the employment of such salesman and such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee, . . . *then any such person shall have a right of action against such dealer, his salesman, and the surety upon the dealer's bond, in an amount not to exceed the value of the vehicle purchased from or sold to the dealer.*

4

(emphasis added).

Great American argues that because § 11711 references "fraud" that Plaintiffs must allege all of the elements of fraud to state a claim under § 11711.  (ECF No. 75 at 4:7–15 (citing *Beverly Fin. Co. v. Amer. Cas. Co.*, 273 Cal. App. 2d 259 (1969) and *Am. Air Equip., Inc. v. Pacific Employers Ins. Co.*, 37 Cal. App. 3d 322 (1974).)  However, there is no indication in the statute or the cases cited that Plaintiffs must allege that the surety itself committed fraud.  Rather, the plain language of the statute just requires fraud by "any person."  Here, Plaintiffs allege Defendant Yia's Auto Sales, Inc. committed fraud (ECF No. 73 at ¶¶ 19–22, 24–27, 81–87) and that Great American was the surety who executed a bond under California Vehicle Code § 11711 (ECF No. 73 at ¶¶ 28–34).  Therefore, the Court finds that Plaintiffs have sufficiently set forth a claim for relief under California Vehicle Code § 11711 against Great American.

### 2. Consumers Legal Remedies Act, Civil Code § 1770, et seq., and California Business and Professions Code § 17200 et seq.

Great American also moves to dismiss Plaintiffs' Second Cause of Action for violation of the Consumer Legal Remedies Act ("CLRA") (Civil Code § 1770, *et seq.*), and Plaintiffs' Third Cause of action for violation of California's Unfair Competition Law ("UCL") (Business and Professions Code § 17200 *et seq.*).  Great American alleges that Plaintiffs have failed to allege any facts attributing any wrongful conduct to Great American's conduct.  Plaintiffs effectively concede this point but argue that because they have sufficiently alleged these causes of action against Defendant Yia's Auto Sales, Inc., they are not required to allege additional facts against Great American relying on *Pierce v. Western Surety Co.*, 207 Cal. App. 4th 83 (2012), *review denied*.  (*See* ECF No. 79 at 7:1–10, 9:17–23, 11:1-10.)

Plaintiffs' reliance on *Pierce* is misplaced.  The plaintiff in *Pierce* obtained a default judgment against the culpable auto dealer for fraud; subsequently the plaintiff brought an independent action against the defendant, a surety who held the auto dealer's bond pursuant to California Vehicle Code §§ 11710 and 11711.  The plaintiff settled with the surety and subsequently sought to recover his attorney's fees in bringing the action.  Although attorney's fees were not expressly recoverable under the California Vehicle Code, the court awarded fees to

the plaintiff under the CLRA. The Court held the plaintiff could seek attorney's fees pursuant to the CLRA because the right of action under the California Vehicle Code depended on finding the auto dealer liable for fraud.

This Court declines to interpret *Pierce* to bypass Plaintiffs' requirement under Rule 8 to allege plausible facts against Great American. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. Furthermore, Plaintiffs have not directed this Court to any other authority suggesting that California Vehicle Code § 11711 obviates the need to plead plausible facts with respect to the CLRA or UCL. Therefore, the Court finds that Plaintiffs have failed to state a claim for relief under the CLRA and failed to state a claim for relief under the UCL against Great American.[3]

### 3. Fraud and Punitive Damages

Great American also moves to dismiss Plaintiffs' Sixth Cause of Action for Fraud, Intentional Misrepresentation, arguing that Plaintiffs have not sufficiently alleged fraud with particularity. (ECF No. 75 at 7–8.) Great American also moves to strike Plaintiffs' prayer for punitive damages. (ECF No. 75 at 8.) Plaintiffs concede that they do not allege any independent facts against Great American, but again argue that they are not required to by virtue of Great American's status as a surety under California Vehicle Code §§ 11710 and 11711.

Under California law, to state a claim for relief for fraud as an intentional misrepresentation, a plaintiff must allege as follows: that a defendant made a false representation; that the defendant knew the representation was false or made the representation recklessly without regard for its truth; that the defendant intended that plaintiff rely on the representation; that the plaintiff reasonably relied on the representation; and that the plaintiff's reliance on the representation was a substantial factor in causing harm. CACI No. 1900 (Intentional Misrepresentation). Under the Federal Rules, fraud must be pled with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. . . ."). Pleadings alleging fraud must "articulate the who, what,

---

[3] Plaintiffs conceded at oral argument that Great American's alleged liability is derivative – not independent – of any liability of the Dealer Defendants. Therefore, the Court doubts that Plaintiffs can state any cause of action against Great American for the CLRA, UCL, or fraud independent of California Vehicle Code § 11711.

6

1  when, where, and how of the misconduct alleged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120,
2  1126 (9th Cir. 2009).
3        Additionally, under California law, punitive damages are appropriate where a plaintiff
4  establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2)
5  oppression, or (3) malice.  Cal. Civ. Code § 3294 (a) ("In an action for the breach of an obligation
6  not arising from contract, where it is proven by clear and convincing evidence that the defendant
7  has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages,
8  may recover damages for the sake of example and by way of punishing the defendant.").
9        For the same reasons above, the Court grants Great American's motion to dismiss the
10  Sixth Cause of Action and also grants Great American's motion to strike Plaintiffs' prayer for
11  relief seeking punitive damages against it.  Plaintiffs fail to set forth any facts that Great
12  American acted fraudulently, with malice, or oppressively.  Rather, as set forth above, all of
13  Plaintiffs' allegations concern defendant Yia's Auto Sales, Inc.'s conduct and only assert that
14  Great American is liable by virtue of its alleged liability as a surety.  For the same reasons above,
15  this Court declines to interpret *Pierce* to bypass Plaintiffs' requirement under Rule 9 to allege
16  fraud with particularity against Great American.  Furthermore, Plaintiffs have not directed this
17  Court to any other authority suggesting that the California Vehicle Code § 11711 obviates the
18  need to plead plausible facts with respect to fraud or punitive damages.

19        **CONCLUSION**

20        Therefore, the Court DENIES Great American's motion in part and GRANTS it in part.
21  (ECF No. 75.)
22        1.    The Court DENIES Great American's motion to dismiss with respect to the
23  California Vehicle Code § 11711 claim.  For clarity, the Court ORDERS Plaintiffs to set forth a
24  separate cause of action alleging their claim for relief against Great American in the amended
25  complaint.
26        2.    The Court GRANTS Great American's motion to dismiss the second, third, and
27  sixth causes of action against it.
28        3.    The Court FURTHER GRANTS Great American's motion to strike Plaintiffs'

prayer for punitive damages against Great American.

4. The Court DENIES Plaintiffs' motion to stay briefing on class certification motion as moot.

5. Plaintiffs are ordered to file within seven (7) days from the date of entry of this order a Third Amended Complaint addressing the deficiencies in the referenced claims against Great American.  Plaintiffs will not be given further leave to amend the complaint without a showing of good cause.

**IT IS SO ORDERED.**

Dated: August 26, 2013

_____
Troy L. Nunley
United States District Judge

8