KEMNITZER, BARRON AND KRIEG
BRYAN KEMNITZER      Bar No. 066401
NANCY BARRON          Bar No. 099278
AMY TAY                   Bar No. 252600
445 Bush St., 6th Floor
San Francisco, CA  94108
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901

Attorneys for BOR PHA, NOU LEE and the putative class

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| BOR PHA and NOU LEE, | Case No. 2:12-cv-01580-TLN-DAD |
| Plaintiffs, | <u>CLASS ACTION</u> |
| vs. | **THIRD AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE REES-LEVERING AUTOMOBILE SALES FINANCE ACT, CIVIL CODE §2981, *ET SEQ.*; THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1770 *ET SEQ.*; BUSINESS & PROFESSIONS CODE §17200 *ET SEQ.*; UNRUH CIVIL RIGHTS ACT, CIVIL CODE §51, *ET SEQ.*; AND CONVERSION** |
| YIA YANG; YIA YANG dba YIA'S AUTO SALES; YIA YANG dba PLATINUM FINANCIAL; YIA'S AUTO SALES, INC.; GREAT AMERICAN INSURANCE COMPANY and DOES 3 through 10, inclusive, | |
| Defendants. | |
| | JURY TRIAL DEMANDED |

Plaintiffs BOR PHA and NOU LEE are informed, believe, and on that basis allege the following:

//

1

## INTRODUCTION

1.      Plaintiffs BOR PHA and NOU LEE bring this action against Defendants YIA YANK aka YIA YANG (YANG); YIA YANG dba PLATINUM FINANCIAL; YIA YANG dba YIA'S AUTO SALES; YIA'S AUTO SALES, INC.; GREAT AMERICAN INSURANCE COMPANY and DOES 3 to 10 under the Rees-Levering Automobile Sales Financing Act, Civil Code §2981, *et seq*. (the Rees-Levering Act), the California Consumers Legal Remedies Act, Civil Code §1770, *et seq*. (the CLRA), the Unfair Competition Law, Business and Professions Code §17200, (the UCL) the Unruh Civil Rights Act, Civil Code §51, *et. seq*. (Unruh Act), and the common law of Conversion to challenge the unlawful and deceptive practices of Defendants in the sale, and financing of motor vehicles.

2.      Plaintiffs BOR PHA and NOU LEE bring this action against each defendant based upon the defendants' practice of selling and arranging financing for the purchase of automobiles, such as the subject vehicles, without providing purchasers with statutorily mandated disclosures concerning the terms and conditions of credit.  The Rees-Levering Automobile Sales Finance Act imposes very specific disclosure requirements in conditional sale contracts between automotive dealers and their customers in order to allow consumers to make informed choices as to the cost of credit.  These disclosures must be contained in a single document which must be signed by the seller and buyer and delivered to the buyer at or prior to delivery of the vehicle.  In a deliberate and ongoing scheme to avoid the provisions, the defendants have failed to disclose the credit information required by the federal Truth in Lending Act, Regulation Z.  More specifically, although the annual interest rate is disclosed as 12%, in fact, the interest rate on Plaintiffs' contracts exceeds 20%.  Therefore, the finance charge, the total payments, the total sale price, and the monthly payment amount are not accurately disclosed.  Plaintiffs and the putative class members are therefore entitled to rescind their transactions with defendants.  In addition,

Plaintiffs seek damages, restitution, injunctive relief, and attorneys' fees, costs and expenses.

## PARTIES

3.      Plaintiff BOR PHA is an individual, who at all times relevant herein, was over the age of 18 and a resident of Sacramento, California.

4.      Plaintiff NOU LEE is an individual, who at all times relevant herein, was over the age of 18 and a resident of Sacramento, California.

5.      Defendant YIA YANG is an individual doing business in Sacramento, California, and at all times relevant herein was licensed to do business and was conducting business in the State of California.

6.      Defendant YIA YANG dba YIA'S AUTO SALES is a sole proprietorship owned by YIA YANG.

7.      Defendant YIA'S AUTO SALES, INC. (previously sued as Doe 1) is a California corporation formed on June 1, 2011 as a successor in interest to YIA YANG dba YIA'S AUTO SALES.  YIA'S AUTO SALES, INC. and YIA YANG dba YIA'S AUTO SALES are collectively referred to herein as YIA'S AUTO SALES.

8.      Defendant YIA YANG dba PLATINUM FINANCIAL (previously sued as Platinum Financial) is an entity to whom payment was required following the execution of conditional sales contracts at Yia's Auto Sales.  YIA YANG dba PLATINUM FINANCIAL is s a sole proprietorship owned by YIA YANG.  YIA YANG dba PLATINUM FINANCIAL is referred to herein as PLATINUM FINANCIAL.

9.      Defendant GREAT AMERICAN INSURANCE COMPANY (previously sued as Doe 2) is a corporation authorized to do business and doing business in the State of California, including the County of Sacramento.  Under information and belief GREAT AMERICAN INSURANCE COMPANY ("Great American") was an admitted liability insurer, licensed to do business in this

state by the California Department of Insurance, and issued the surety bond(s) of YIA'S AUTO

SALES, as required by Vehicle Code §11710.

## DOE DEFENDANTS

10.    Defendants DOES 3 through 10 are persons or entities whose true names and identities

are presently unknown to Plaintiffs and who therefore are sued by such fictitious names.

Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named

defendants perpetrated some or all of the wrongful acts alleged herein and are responsible in

some manner for the matters alleged herein, and is jointly and severally liable to Plaintiffs.

Plaintiffs will seek leave of court to amend this complaint to state the true names and capacities

of such fictitiously named Defendants when ascertained.

## AGENCY AND ALTER EGO

11.    Plaintiffs are informed and believe and thereupon allege that at all times mentioned

herein each defendant, whether actually or fictitiously named, was the principal, agent (actual or

ostensible), or employee of each other defendant and in acting as such principal or within the

course and scope of such employment or agency, took some part in the acts and omissions

hereinafter set forth, by reason of which each defendant is liable to Plaintiffs for the relief prayed

for herein.

12.    Plaintiffs are informed and believe and thereupon allege that YIA'S AUTO SALES, INC.

is the alter ego of its owner or owners and that there is insufficient separation of identity between

the owner(s) and the entity, and that the owner(s) exercise control over the assets and conduct of

the corporate entity, such that injustice would result to Plaintiffs in this matter if the corporate

veils were to remain intact.  Under information and belief, YIA'S AUTO SALES, INC. is owned

by defendant YIA YANG.

//

## JURISDICTION AND VENUE

13.     The Superior Court of California has jurisdiction because the transaction from which this controversy arose occurred at Yia's Auto Sales in the city of Sacramento, in the State of California, both Plaintiffs Bor Pha and Nou Lee at all relevant times were residents of the city of Sacramento in the State of California, and at all relevant times herein Defendant YIA YANG was a resident of the city of Sacramento, California and was conducting business in the city of Sacramento, California.

14.     Venue is proper in the Superior Court in and for the County of Sacramento as the transaction from which this controversy arose occurred at Yia's Auto Sales in the city of Sacramento, both Plaintiffs BOR PHA and NOU LEE at all relevant times were residents of the city of Sacramento in the State of California, and at all relevant times herein Defendant YIA YANG was a resident of the city of Sacramento, California and was conducting business in the city of Sacramento, California.

## THE REES-LEVERING ACT

15.     The purpose of the Rees-Levering Act is to protect consumers' valuable property interests in financed vehicles at the outset of the transaction by providing information necessary and appropriate to making an informed credit choice.  To this end, the Rees-Levering Act regulates the sale, financing, repossession and disposition of motor vehicles sold and financed under conditional sale contracts in California, and imposes strict requirements upon holders of conditional sale contracts, concerning the contents of conditional sales contracts.

16.     The Rees-Levering Act requires that borrowers purchasing motor-vehicles under conditional sales contracts be advised of the cost of credit secured by the vehicle.  In enacting the Rees-Levering Act, the legislature implemented the policy to provide consumer borrowers a full opportunity to make informed decisions as to the cost of credit related to the vehicle transaction.

Among other disclosures, the conditional sales contract must provide in a single document all of the disclosures required by the Truth in Lending Act, in accordance with Federal Regulation Z, a notice pertaining to an "itemization of the amount financed," including the items specified in Civil Code §2982, e.g. the cash price, fees, taxes, finance charges, including interest rates, payment amounts, and real dollar totals of the cost of financing.

17.     The vehicles purchased by Plaintiffs BOR PHA and NOU LEE are motor vehicles as defined by the Rees-Levering Act, and thus the purchases made by Plaintiffs were subject to the requirements of the act.

## THE TRANSACTIONS

### BOR PHA's Financing and Purchase of a Vehicle From Yia's Auto Sales

18.     On or about September 16, 2010, BOR PHA went to Yia's Auto Sales in Sacramento, California to purchase a vehicle.  BOR PHA had previously purchased a vehicle at Yia's Auto Sales, and felt comfortable because the owner and other employees were of Hmong descent, as was she.  BOR PHA purchased a used 2004 Honda Odyssey VIN 5FNRL18024B060779.  At that time the vehicle had an odometer reading of 69,084 miles.  Financing of Bor Pha's vehicle was arranged by Yia's Auto Sales.

19.     BOR PHA signed a conditional sales contract.  The form contract was a pre-printed form filled in by hand, and is attached as **Exhibit A**.  The contract included the spaces for statutorily required disclosures which were supposed to be accurately filled in.  Among the disclosures required by Federal Regulation Z of the Truth in Lending Act, was the disclosure of the "annual percentage rate."  BOR PHA's contract falsely stated that the annual percentage rate was "12%" when, in fact, the actual interest rate charged to BOR PHA was in excess of 20% per year.  Additionally the Rees-Levering Automobile Sales Finance Act, Civil Code §2982, requires that the Truth in Lending Act disclosures be contained in the contract.

6

20.     Based on the monthly payment amount disclosed on the contract, which Yia's Auto Sales actually charged and collected from BOR PHA each month, BOR PHA was charged an annual percentage rate of 20.31 percent, not 12 percent.  Attached as **Exhibit B** is an amortization chart at the correct payment amount, setting forth the actual monthly payment of $272.69 at the stated 12% interest, plus the costs of financing of $4,096.46.

21.     Attached as **Exhibit C** is an amortization chart setting forth the actual annual interest rate of 20.31 %, based upon the monthly payment of $326.43, as set forth in the contract (**Exhibit A**). The total cost of financing the vehicle at 12% for 60 months would have been $16,337.40 as opposed to $19,585.80.

22.     Many of the disclosures required by Regulation Z of the Truth in Lending Act were in fact false, and BOR PHA relied on these misrepresentations, including the misstated interest rate of 12%, in deciding to enter the transaction.  Had BOR PHA been aware of the true interest rate at which her vehicle was being financed she would not have purchased the vehicle.  The disclosures contained in the contract compared with the correct disclosures are stated below:

|  | Disclosure in the contract | Correct Disclosure |
|---|---|---|
| (a) Monthly Payment | $326.43 | $272.29 |
| (b) Total Cost of Financing | $7,344.60 | $4,096.46 |
| (c) Total Payments | $19,585.60 | $16,337.40 |
| (d) Total Sale Price | $21,585.60 | $18,337.40 |

### NOU LEE's Financing and Purchase of a Vehicle From Yia's Auto Sales

23.     On or about November 9, 2007, NOU LEE went to Yia's Auto Sales in Sacramento, California to purchase a vehicle.  NOU LEE felt comfortable because the owner and other employees at Yia's were of Hmong descent, as was she. NOU LEE purchased a used 1999 Toyota Camry VIN JT2BG22K6X0333563.  At the time that NOU LEE purchased the 1999

7

Toyota Camry it had an odometer reading of 139,111 miles. Financing of NOU LEE's vehicle was arranged by Yia's Auto Sales allegedly through PLATINUM FINANCIAL.

24.     NOU LEE signed a conditional sales contract. The form contract was a hand filled in, pre-printed form attached here as **Exhibit D**. The contract included the spaces for statutorily required disclosures which were supposed to be accurately filled in. Among the disclosures required by Federal Regulation Z of the Truth and Lending Act, was the disclosure of the "annual percentage rate." NOU LEE's contract falsely stated that the annual percentage rate was "1% x AF x 36," meaning 12% per year when, in fact, the actual interest rate charged to NOU LEE was in excess of 21% per year. Additionally the Rees-Levering Automobile Sales Finance Act, Civil Code §2982, requires that the Truth in Lending Act disclosures be contained in the contract.

25.     Based on the monthly payment amount disclosed on the contract, which Yia's Auto Sales actually charged and collected from NOU LEE each month, NOU LEE was charged an annual percentage rate of 21.2 percent. Attached as **Exhibit E** is an amortization chart setting forth the actual monthly payment of $235.76 at 12% interest, plus the cost of financing of $1,389.36.

26.     Attached as **Exhibit F** is an amortization chart setting forth the annual percentage rate of 21.2%, based upon the stated monthly payment of $268.15, as set forth in the contract.

27.     Many of the other disclosures required by Regulation Z of the Truth in Lending Act were in fact false, and NOU LEE relied on these misrepresentations, including the misstated interest rate of 12%, in deciding to enter the transaction. Had NOU LEE been aware of the true rate at which her vehicle was being financed she would not have purchased the vehicle. The disclosures contained in the contract compared with the correct disclosures are stated below:

|  | Disclosure in the contract | Correct Disclosure |
|---|---|---|
| (b) Monthly Payment | $268.15 | $235.67 |

| (c) Total Cost of Financing | $2,555.28 | $1,389.36 |
|---|---|---|
| (d) Total Payments | $9,653.20 | $8,487.36 |
| (e) Total Sale Price | Nothing stated | $9,987.36 |

## LIABILITY OF BONDING AGENT

28.     Plaintiffs are informed, believe and on that basis allege that Great American was at all times relevant herein party to a bond in favor of Yia's Auto Sales as its principal and by which it acted as surety for Yia's Auto Sales, issued pursuant to California Vehicle Code §§11710 and 11711; and that such bond was procured and maintained, in conformance with such statutes, and executed by Great American, and conditioned on the premise that Yia's Auto Sales shall not practice any fraud or make any fraudulent representation which will cause a monetary loss to a purchaser, such as Plaintiffs, among others.

29.     As a condition to obtaining and renewing an motor vehicle dealer's license, Vehicle Code §11710 requires motor vehicle dealers, including Defendant Yia's Auto Sales, to execute and file with the Department of Motor Vehicles a bond in the amount of $50,000 executed by an admitted surety insurer, such as Defendant Great American, approved as to form by the Attorney General, and conditioned that the auto dealer shall not practice any fraud or make any fraudulent representation which will cause monetary loss to a purchaser.  Vehicle Code §§290, 11700, 11701, 11710(a)-(b).

30.     Vehicle Code §11711 further provides that if any person shall suffer any loss or damage by reason of any fraud practiced on him or fraudulent representation made to him by a licensed dealer and such person has possession of a written instrument furnished by the licensee, containing stipulated  provisions and guarantees which the person believes have been  violated by the licensee, then any such person shall have a right  of action against such dealer, his salesman, and the surety upon the  dealer's bond, in an amount not to exceed the value of the

9

vehicle purchased from or sold to the dealer.  Vehicle Code §11711.

31.     Plaintiffs are informed, believe and on that basis allege that at all times relevant herein, Defendant Yia's Auto Sales was a motor vehicle dealer licensed with the Department of Motor Vehicles pursuant to Vehicle Code §§11700 and 11701.

32.     Plaintiffs are informed, believe and on that basis allege that at all times relevant herein, Defendant Yia's Auto Sales maintained a surety bond in the amount of $50,000, executed by Defendant Great American, an admitted surety dealer, issued in conformity with Vehicle Code §§11710 and 11711.  See **Exhibit G** (surety bonds).

33.     The liability of Defendant Great American, as surety on a bond issued in conformity with Vehicle Code §§11710 and 11711 is commensurate with that of the principal, and the terms of the bond are read in light of those statutes, which are incorporated into the bond.

34.     Plaintiffs are informed, believe, and on that basis allege that the bond described herein provided for all injuries, including legal fees and costs, that Plaintiffs suffered loss and damage by reason of Yia's Auto Sales' fraud and fraudulent representations, including certain misrepresentations in violation of the Consumers Legal Remedies Act, all as set forth below. The obligation of the Great American for the fraud and fraudulent representations committed by Yia's Auto Sales is commensurate with that of Yia's Auto Sales, including with respect to attorney's fees, for all purposes relevant herein.

## CLASS ACTION ALLEGATIONS

35.     Pursuant to California Code of Civil Procedure §382, Plaintiffs bring this class action on behalf of themselves and all other persons similarly situated.  Plaintiffs bring this action in a representative capacity to remedy the ongoing unlawful, unfair, and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

36.     The class on whose behalf this Complaint is brought is composed of all consumers who:

(1)     purchased a motor vehicle at Yia's Auto Sales;

(2)     who, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq.*;

(2)     whose contract misstates the applicable interest rate, thereby failing to contain accurate disclosures as required by Regulation Z of the Truth in Lending Act 12 CFR 226 and the Rees-Levering Automobile Sales Finance Act, *supra.*

37.     The Class Definition is subject to such further definition, limitations, and exclusions as may be ordered by the Court.

38.     Plaintiffs are unable to state the precise number of potential members of the proposed class because that information is in the possession of Defendants.  It consists of at least hundreds, and is so numerous that joinder of all members would be impracticable.  The exact size of the proposed class, and the identity of the members thereof, will be readily ascertainable from the business records of Defendants.

39.     There is a community of interest among the members of the proposed class in that there are questions of law and fact common to the proposed class that predominate over questions affecting only individual members.  Proof of a common set of facts will establish the liability of Defendants, and the right of each member of the class to recover.

40.     The common questions which predominate include, *inter alia*:

(a)     Whether Yia's Auto Sales failed to accurately state the interest rate charged to individuals who purchased a motor vehicle under a conditional sale contract;

(b)     whether Yia's Auto Sales failed to provide individuals who purchased a motor vehicle all of the disclosures required by the Rees-Levering Act, Civil Code §2982 which requires compliance with the Truth in Lending Act 12 CFR 226, Regulation Z.

(c)     whether disclosures that were on the contracts were in fact false;

11

(d)     whether such disclosures were purposefully falsified;

41.     Proof of a common set of facts will establish Defendants' liability and the right of each class member to recover.

42.     Plaintiffs' claims are typical of those of the class which they represent, and they will fairly and adequately represent the interests of the class.  Plaintiffs are represented by counsel competent and experienced in both consumer protection and class action litigation.

43.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.  Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impracticable and economically unfeasible for class members to seek redress individually.  The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to individual class members against Defendants, and would establish incompatible standards of conduct.

44.     The claims asserted by Plaintiffs will be governed by the laws of the State of California and the injuries resulting from Defendants' conduct were suffered in California.

## FIRST CAUSE OF ACTION
### (Violation of the Rees-Levering Automotive Sales Finance Act, Civil Code §2983.3) (Against Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.)

45.     Plaintiffs reallege and incorporate by reference all of the allegations set forth above.

46.     The purpose of the Rees-Levering Act is to protect consumers' valuable property interests in financed vehicles at the outset of the transaction by providing information necessary and appropriate to making an informed credit choice. To this end, the Rees-Levering Act regulates the sale, and financing of motor vehicles sold and financed under conditional sale contracts in California, and imposes strict requirements upon concerning the contents of conditional sales contracts.

47.     The Rees-Levering Act strictly requires that all agreements of the parties with respect to a conditional sales contract must be contained in a single document that sets forth specific information to assist the borrower in making an informed credit choice in connection with the financing of motor vehicles.  That is, all agreements with respect to the total cost and terms of payment for the motor vehicle, including any promissory notes or any other evidences of indebtedness, and all other requirements of Civil Code §2981.9.  That single document must contain all of the contract provisions required by Regulation Z, including but not limited to the following:

    a.     annual percentage rate
    b.     finance charge
    c.     amount financed
    d.     total of payments
    e.     total sale price
    f.     number of payments
    g.     amount of payments.

48.     The conditional sale contracts of both Plaintiffs state an annual percentage rate of 12%; when in reality, the finance charge, based upon the amount of the monthly payment, exceeded 20%.  Plaintiffs are informed and believe and thereupon allege that Yia's Auto Sales failed to comply with the federal Truth in Lending Act disclosure requirements under Reg. Z not only for Plaintiffs, but also for other consumers who purchased vehicle from Yia's Auto Sales within four years of the date of the filing of this complaint.

49.     The contracts therefore failed to accurately disclose the "finance charge, total payments, total sale price, and the amount of payments," based upon a 12% interest rate.  Plaintiffs believe that the transaction may have violated the Rees-Levering Automobile Sales Finance in other ways as well, and will amend this complaint to add further allegations when such have been ascertained.

50.     Plaintiffs have suffered injury in fact and have lost money or property as a direct and

proximate result of the unlawful, unfair, and fraudulent acts and practices of Defendants challenged herein.  Plaintiffs seek recovery for economic loss in the form of restitution and/or damages, in an amount to be proven at trial.

51.     Defendants' violations of the Rees Levering Act present a continuing threat to members of the public in that Defendants continue to engage in the practices alleged hereinabove, and will not cease until an injunction is issued by this Court.  Plaintiffs further allege that the unlawful acts set forth herein are ongoing; and to prevent further harm to the consumer public, Plaintiffs seek an injunction against Defendants as follows:

> (1)     For an order enjoining each Defendant from engaging in the practices challenged herein, namely the sale of motor vehicles to consumers by means of conditional sales contracts that fail to provide in a singe documents all of the terms of financing and fail to provide the disclosures required by the Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq*.;

> (2)     For an order requiring each Defendant to offer to rescind all transactions in which Defendants failed to provide the disclosures required by the Rees-Levering Automobile Sales Finance Act,  Civil Code §2981, *et seq*.

52.     In addition, Plaintiffs seek recovery of their attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

WHEREFORE, Plaintiffs pray for judgment as hereafter set forth.

## SECOND CAUSE OF ACTION
**(Violation of the Consumers Legal Remedies Act, Civil Code §1770, *et seq*.)**
**(Against Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.)**

53.     Plaintiffs reallege and incorporate by reference all of the allegations contained above.

54.     At all relevant times, Plaintiffs PHA and LEE were  "consumer(s)" within the meaning of the Consumers Legal Remedies Act (CLRA), California Civil Code §1761(d), namely an

14

individual who seeks or acquires goods or services for personal, family, or household purposes. The transaction from which this action arises involves the sale of goods, specifically motor vehicles, and is thus covered by the CLRA.

55.     Plaintiffs made a statutory demand for rectification as required by the CLRA on behalf of Plaintiffs and the class.  A copy of the formal correspondence making the demand is attached as **Exhibit H**.  Defendants have not offered an appropriate correction or other remedy to the class.

56.     The acts and practices of Defendants violated the Consumers Legal Remedies Act by intentionally engaging in the following proscribed acts:

- Civil Code §1770(a)(5): Representing that goods are services have characteristics which they do not have by stating that financing was provided at an annual percentage rate of 12% percent when in fact the amount of payments, total sale price, total of payments, and finance charge reflect an annual percentage rate in excess of 20% percent.

- Civil Code §1770(a)(9):  Advertising goods or services with the intent not to sell them as advertised, by stating that financing was provided at an annual percentage rate of 12 percent when in fact the amount of payments, total sale price, total of payments, and finance charge reflect an annual percentage rate in excess of 20% percent.

- Civil Code §1770(a)(14):  Representing that a transaction confers obligations which it does not have by stating that Plaintiffs had an obligation to pay monthly payments at an annual percentage rate of 12% percent when in fact the amount of payments, total sale price, total of payments, and finance charge reflect an annual percentage rate in excess of 20% percent.

- Civil code §1770(a)(16): Representing that the subject of the transaction has been supplied in accordance with a previous representation when it has not by stating that Plaintiffs were to receive financing at an annual percentage rate of 12 percent when in

15

fact the amount of payments, total sale price, total of payments, and finance charge reflect an annual percentage rate in excess of 20 percent.

- Civil code §1770(a)(19): Inserting an unconscionable provision in the contract, by requiring payments in excess of the stated annual percentage rate.

57.     Defendants' violations of the Consumer Legal Remedies Act are not restricted to Plaintiffs and are directed at other members of the consumer public and present a continuing threat to members of the public in that Defendants continue to engage in the practices alleged hereinabove, and will not cease until an injunction is issued by this Court.  In addition, on behalf of both plaintiffs and the class, Plaintiffs seek damages and all other relief to which plaintiffs and the class are entitled pursuant to Civil Code §1780.

58.     Pursuant to the provisions of Civil Code §1780 *et seq.*, Plaintiffs are entitled to restitution and an injunction as set forth herein, and any other relief the Court deems proper under the circumstances.  Further, as a legal result of Defendants' misconduct as alleged herein, and in an effort to protect their rights, Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.  In addition, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to Civil Code §1780(e).

WHEREFORE, Plaintiffs pray for relief as follows:

## THIRD CAUSE OF ACTION
**(Violations of California Business and Professions Code §17200 *et seq.*)**
**(Against Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.)**

59.     Plaintiffs reallege and incorporate herein by reference the allegations in each and every paragraph above.

60.     California Business and Professions Code §17200 *et seq.*, often referred to as the "Unfair Competition Law" or "UCL," defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice.  The UCL provides that a court may order injunctive relief

16

and restitution to any individual, or group of individuals, affected by any violation of the UCL.

61.    Beginning on an exact date unknown to Plaintiffs, but during the four years preceding the filing of the complaint in this action, Defendants have committed wrongful acts proscribed by the UCL, including but not limited to the following:

(a)    Defendants continue to violate the Rees-Levering Act by falsely stating the amount of payment and total cost of financing in conditional sales contracts.

(b)    Defendants demand payment in excess of what he is entitled to under the stated interest rates in the conditional sales contracts.

(c)    Defendants have engaged, and continue to engage, in a pattern and practice of negligently misrepresenting, orally and in writing, to consumers the amount of payment required and total cost of financing in conditional sales contracts;

(d)    Defendants have engaged, and continue to engage, in a pattern and practice of fraudulently misrepresenting, orally and in writing, to consumers the amount of payment required and the total cost of financing in conditional sales contracts;

(e)    Defendants actively concealed and continue to conceal their unlawful activity from consumers;

(f)    Defendants unlawfully, unfairly, and/or fraudulently violated the Rees-Levering Automobile Sales Finance Act by failing to comply with Regulation Z of the federal Truth in Lending Act because they failed to disclose the payments required and the total cost of financing on the conditional sales contracts.

62.    The business acts and practices of Defendants constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate the provisions of the Rees-Levering Automobile Sales Finance Act, Civil Code §2981 et seq., and violate the common law.

63.    The business acts and practices of Defendants, as hereinabove alleged, constitute unfair

business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

64.     The business acts and practices of Defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations.

65.     The unlawful, unfair, and fraudulent business acts and practices of Defendants described herein present a continuing threat to Plaintiffs and members of the class in that Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until the practices are declared unlawful and an injunction is issued by this Court.

66.     As a direct and proximate result of the acts and practices described herein, Defendants have received and collected substantial monies or property from Plaintiffs and members of the class to which it is not entitled. Plaintiffs and class members have suffered injury in fact and lost money or property as a direct result of the unlawful, unfair, and fraudulent acts and practices of Defendants challenged herein.

67.     Pursuant to California Business and Professions Code §17203, Plaintiffs seek an order enjoining Defendants from engaging in such acts and practices as hereinabove alleged, and providing appropriate restitution to Plaintiffs and the members of the class.

68.     In addition, pursuant to California Code of Civil Procedure §1021.5, Plaintiffs seek recovery of attorneys' fees, costs, and expenses incurred in the filing and prosecution of this action.

        WHEREFORE, Plaintiffs pray for relief as set forth below.

//

//

## FOURTH CAUSE OF ACTION
### (Violation of the Unruh Civil Rights Act, Civil Code §51, *et seq.*,)
### (Against Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.)

69.     Plaintiffs reallege and incorporate herein by reference each and every allegation set forth hereinabove.

70.     Plaintiffs Bor Pha and Nou Lee are of Hmong race and ancestry.

71.     Defendant Yia's Auto Sales is a "business establishment" as contemplated in Civil Code §51, *et seq.*

72.     Defendant Yia's Auto Sales discriminated against Plaintiffs on the basis of their race and ancestry by relying on these characteristics while deciding to fraudulently induce Plaintiffs to purchase vehicles under conditional sales contracts which misstated the amount of payment required and total cost of financing, believing that because of their ancestry and race Plaintiffs would be:

    (a)     less able to detect fraudulent misrepresentations; *and*

    (b)     less able to vindicate their legal rights after being victimized by such fraud than an otherwise comparable person who was not of Hmong descent.

73.     Plaintiffs allege under information and belief that Yia's Auto Sales maintains a pattern of practice of the above-mentioned acts directed at Hmong persons, based on a perception that they are less able to protect their rights.

74.     As a direct result of Yia's Auto Sales' violations of Civil Code §51, Plaintiffs and the class incurred general and special damages to be proven at trial.

75.     In accordance with Civil Code §52, in addition to Plaintiffs' and the class' general and special damages, Plaintiffs are entitled to a penalty of up to three (3) times the amount of actual damages, plus attorneys' fees.

    WHEREFORE, Plaintiffs pray for judgment as set forth hereinafter in the prayer.

## FIFTH CAUSE OF ACTION
### (Conversion)
### (Against Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.)

76.   Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation set forth above.

77.   Plaintiffs and the class have a right to immediate possession of a portion of the funds which they paid as monthly installment payments on their vehicles.  Defendants intentionally misstated the amount of payments, total sale price, total of payments, and finance charge so that he could gain control of funds to which he has no right or entitlement.

78.   Defendants wrongfully deprived Plaintiffs and the class of money Plaintiffs and the class paid in monthly payments above and beyond the amounts they would have paid at 12% interest.

79.   Defendants acted with malice, oppression, and/or fraud towards Plaintiff and the class, within the meaning of Civil Code §3294, thereby entitling them to an award of punitive damages.

80.   Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advanced knowledge of the unfitness of the employees who acted towards Plaintiffs and the class with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits of the wrongdoing.

## SIXTH CAUSE OF ACTION
### (Fraud - Intentional Misrepresentation)
### (Against Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.)

81.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth hereinabove.

82.   When Defendants sold the subject vehicles to Plaintiffs, it made the misrepresentations set forth in paragraphs 19 through 22 and paragraph 24 through 27 above.  Specifically,

20

Defendants misrepresented the annual percentage rate on Plaintiffs' contracts and the corresponding finance charge, total payments, total sale price, and monthly payment.

83.    Defendants' misrepresentations concerning the interest rate, finance charge, total payments, total sale price, and monthly payment were in fact false and misleading.

84.    The true interest rate, finance charge, total payments, total sale price, and monthly payments being charged were material to Plaintiffs' transactions.

85.    Plaintiffs are informed and believe, and thereupon allege, that when Defendants made these misrepresentations they knew they were concealing the true facts. Defendants made these misrepresentations and concealed the true facts with the intent to defraud and induce Plaintiffs to purchase the vehicles from Defendants. Plaintiffs acted in justifiable reliance upon the truth of the representations made by Defendants.

86.    As a proximate result of Defendants' conduct Plaintiffs have suffered actual damages in that they paid to Defendants amounts above and beyond the amounts they would have paid at a 12% interest.

87.    In doing the acts alleged herein, Defendants acted with malice, oppression and fraud toward plaintiffs within the meaning of Civil Code §3294 and Plaintiff are therefore entitled to punitive damages.

## SEVENTH CAUSE OF ACTION
### (Claim on Surety Bond pursuant to Vehicle Code §11711)
### (Against Great American Insurance Company)

88.    Plaintiffs reallege and incorporate herein by reference each and every allegation set forth hereinabove.

89.    Defendant Great American Insurance Company issued a dealer surety bond to defendants Yia Yang, Yia Yang dba Yia's Auto Sales and Yia's Auto Sales, Inc. (collectively referred to as "Yang"), which was in effect during all relevant times. Great American is liable under its

21

bonding agreement and applicable bonding law, including Vehicle Code §11711, for the claims alleged herein under the second, third, and sixth causes of action against defendant Yang.

90.     As a condition of obtaining and renewing an auto dealer license, Vehicle Code §11710 requires auto dealers such as defendant Yang to obtain a bond from an admitted surety in the amount of $50,000, such as the bond issued by Great American to Yang.  Vehicle Code §11710 further provides that if any person shall suffer any loss or damage by reason of any fraud practiced upon him, or any fraudulent representation made to him by a licensed dealer, and such person has possession of a written instrument furnished by the licensee, containing stipulated provisions and guarantees which the person believes have been violated by the licensee, then any such person shall have a right of action against the dealer, the salesman, and the surety upon the dealer's bond, for damages in an amount not to exceed the value of the bond.  Veh. Code §1171.

91.     The liability of a surety on such a bond is determined by the express terms of the bond read in light of Vehicle Code §§11710-11711.  The statutory provisions are incorporated into the bond.

92.     Plaintiffs are informed and believe that defendant Yang was at all times relevant herein a motor vehicle dealer licensed by the Department of Motor Vehicles pursuant to Vehicle Code §§11700, 11701 and 11710.

93.     Great American was at all times relevant herein an admitted surety, who executed and issued a $50,000 motor vehicle dealer bond in favor of Yang as the principal, and by which Great American acted as surety for Yang.  The bond was issued, procured, and maintained pursuant to Vehicle Code §§11710, 11711, in conformance with such statutes.

94.     Plaintiffs are informed and believe that the Great American bond provided coverage for any monetary loss incurred by a purchaser or lessee of a motor vehicle as a result of Yang's fraud or fraudulent misrepresentations, within the meaning of Vehicle Code §11711, up to

$50,000.

95.     The liability of Great American as surety is commensurate with that of the principal, Yang, for the claims covered by the bond and Vehicle Code §§11710 and 11711.  Plaintiffs have satisfied all conditions necessary to bring an action on the statutory bond and allege that the bond provided coverage for the injuries sustained by Plaintiffs and the class herein, which were caused by Yang's fraud and fraudulent misrepresentations, as alleged under the second, third, and sixth cause of action of this complaint.

96.     In addition to its liability for damages, Great American is liable for attorney's fees, costs, and expenses to Plaintiffs and the class and subclass pursuant to the bond, and under the Consumers Legal Remedies Act.

WHEREFORE, Plaintiffs pray for the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

(1)     For an order certifying the case as a class action;

(2)     For an order finding and declaring that Defendants' acts and practices as challenged herein are unlawful, unfair and fraudulent;

(3)     For an order enjoining Defendants and each of them from engaging in the practices challenged herein;

(4)     For a recovery of the total amounts paid under the subject contracts pursuant to Civil Code §2983;

(5)     For an order of restitution in an amount to be determined at trial to restore to all affected borrowers in interest on money acquired defendants by means of their unlawful, unfair and fraudulent practices;

(6)     For such compensatory damages in an amount to be determined at trial;

(7)    For pre-judgment interest to the extent permitted by law;

(8)    For exemplary/punitive damages from Defendant Yia Yang, Yia Yang dba Yia's Auto Sales, and Yia's Auto Sales, Inc.;

(9)    For an award of attorneys' fees, costs and expenses pursuant to Civil Code §§1780(e) and 2983.4, Code of Civil Procedure §1021.5, and any other applicable provisions of law;

(10)   For such other relief as the Court may deem just and proper under the circumstances.

Dated:   August 27, 2013              KEMNITZER, BARRON & KRIEG, LLP


                                      By:    _____/s/_____

                                             BRYAN KEMNITZER
                                             AMY TAY

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated:  June 5, 2013                         KEMNITZER, BARRON & KRIEG, LLP


By:     _____/s/_____
        BRYAN KEMNITZER
        AMY TAY

# EXHIBIT A

SIMPLE INTEREST MOTOR VEHICLE CONTRACT AND SECURITY AGREEMENT

Dealer Number:

Buyer Name and Address:
Born Phal P4397-157
3749 Mary Lou Way
SAC CA 95838  916-271-6125

Seller's Name and Address:
Vic's Auto Sales
5330 Franklin Blvd
SAC CA 95820

Vehicle: DC Honda Odessa
FSHREU9

Vehicle Identification Number:
1FMZU73E48UA10703-98

**FEDERAL TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| 20% | $7309.60 | $12241 | $19505.60 | $27005.40 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $325.16 | 4-15-10 |

**SECURITY**

**ITEMIZATION OF AMOUNT FINANCED**

1. Total Cash Price
   - A. Cash Price $13,000
   - Cash Down Payment $N/A
   - D. Other $N/A
   - E. Document Preparation Fee $115
   - Smog Fee Paid to Seller $36
   - Total Cash Price $14,426

2. Amounts Paid to Public Officials:
   - A. License Fees $N/A
   - B. Registration/Transfer/Titling Fees $N/A
   - C. California Tire Fees $N/A
   - E. Other $N/A
   - Total Official Fees $15

EXHIBIT A

(See down payment 6 ...) N/A (I)

J. Optional Debt Cancellation Agreement (GAP) to ... (J)

K. Used Vehicle Contract Cancellation Option Agreement $ N/A (K)

L. Other (For) $ N/A (L)

To whom paid N/A

Total Cash Price (A to L) $ 14,226 (1)

2. Amounts Paid to Public Officials

A. License Fees $ N/A (A)

B. Registration/Transfer/Titling Fees $ 15 (B)

C. California Tire Fees $ N/A (C)

D. Other ... $ N/A (D)

E. Other $ N/A (E)

Total Official Fees (A to E) $ 15 (2)

3. Amounts Paid to Insurance Companies

(Total premiums from Statement of Insurance column a+b) $ N/A (3)

4. [ ] Smog Certification Fee or $ N/A (4)

[ ] Exemption Fee Paid to State $ (4)

5. Subtotal (1 to 4) $ 14,241 (5)

6. Total Down Payment

A. Trade-in Value N/A (A)

Yr. ___ Make ___

Model ___

VIN ___

Odometer ___

B. Less Prior Credit or Lease Balance $ N/A (B)

C. Trade-in (A less B) $ N/A (C) (indicate if negative number)

D. Deferred Down Payment $ N/A (D)

E. Manufacturer's Rebate $ (E)

F. Other $ (F)

G. Remaining Cash Down Payment $ 2,000 (G)

Total Down Payment (6C to 6) $ 2,000 (6)

(If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1I above)

7. Amount Financed (5 less 6) $ 12,241 (7)

Seller may keep a portion of these amounts.

TITLE TRANSFER FEES (Not Financed): The Buyer will pay the estimated fee(s) of $ ___ to the appropriate public authority in order to transfer registration after payment in full.

OPTION: [ ] You pay no Finance Charge if the Amount Financed, item 7, is paid in full on or before ___ Year ___ SELLERS INITIALS ___

OPTIONAL DEBT CANCELLATION CONTRACT (GAP): Debt cancellation coverage is not required to obtain credit. I want to purchase a debt cancellation contract which is part of this contract shown in item (1J) above.

Company N/A Term N/A Months

Buyer X ___ X ___

SELLER ASSISTED LOAN FOR THIS LOAN BUYER MAY BE REQUIRED TO PLEDGE SECURITY AND WILL BE OBLIGATED FOR THE INSTALLMENT PAYMENTS ON BOTH THE SECURITY AGREEMENT AND THE LOAN.

Proceeds of Loan From YIA'S AUTO SALES

Amount $ ___ Total $ ___

Payable in ___ SACRAMENTO, CA 95828

Seller ___ from this loan is described in (6D) above.

Trade-in Payoff: Seller used and relied upon information from you or lessor of your trade-in vehicle for the payoff amount in 6B of the Itemization of Amount Financed as the "Prior Credit or Lease Balance." Seller agrees to pay the amount in 6B to the lienholder or lessor of the trade-in vehicle, or its designee. If the payoff amount is more than the amount shown in 6B, you must pay the Seller the excess on demand. If the payoff amount is less than the amount shown in 6B, Seller will refund the difference to you. Except as stated in the "Notice" on the back of this contract, any assignee of this contract will not be obligated to pay the Prior Credit or Lease Balance or any refund due from the Seller.

X ___ X ___

COMPLAINT: If you have a complaint concerning this sale, you should try to resolve it with the Seller. Complaints concerning unfair or deceptive practices or methods by the Seller may be referred to the City Attorney, the District Attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

HOW THIS CONTRACT MAY BE CHANGED After this contract is signed, the Seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the Seller to make a unilateral change.

Buyer's Signature X ___ X ___

THE MINIMUM PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN THE LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

WARNING: YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD.

FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.

THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.

s/ X ___ X ___

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

---

X ___ TOTAL CREDIT ... MOS. PREMIUM ___

[ ] ... Credit Disability Insurance (Primary Buyer Only)

You are applying for the credit insurance marked above. Your signature below means that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the primary buyer is eligible for disability insurance.

DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS (refer to "Total Disabilities Not Covered" in your policy or certificate for details).

Any insurance ... you agree to any credit insurance.

X ___ PRIMARY BUYER ___ AGE

DATE ___ CO-BUYER ___ AGE

SERVICE CONTRACT ... a service contract written with the following company for the term shown. The cost is shown on line 1H in Itemization of Amount Financed.

Company ___

Term ___ Mos. or ___ Miles

Company ___

Term ___ Mos. or ___ Miles

Company ___

Term ___ Mos. or ___ Miles

Buyer X ___ X ___

DISCLOSURE OF AUTO BROKER FEE

A BROKERAGE FEE was [ ] was not [X] PAID

To (name) ___

NOTICE OF RESCISSION RIGHTS

If Buyer signs here, the provisions on the reverse side shall be applicable to this contract.

Buyer's Signature X ___

Co-Buyer's Signature X ___

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle above, federal regulation may require a special Buyers Guide to be displayed on the window.

BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

GUIA DEL COMPRADOR DE AUTOS USADOS. LA INFORMACION QUE USTED VE EN LA FORMA QUE SE ENCUENTRA EN LA VENTANA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION DE LA FORMA EN LA VENTANA INVALIDA CUALQUIER DISPOSICION QUE FUERA CONTRARIA AL CONTRATO DE VENTA.

GUARANTY

Each person who signs as Guarantor individually guarantees the payment of this contract, even if we do one or more of the following: (1) give the Buyer more time to pay one or more payments; (2) give a full or partial release to any other Guarantor; (3) release any security; (4) accept less from the Buyer than the total amount owing; or (5) otherwise reach a settlement relating to this contract or extend the contract. Each Guarantor acknowledges receipt of a completed copy of this contract and guaranty at the time of signing and Guarantor waives notice of acceptance of this Guaranty, notice of the Buyer's non-payment, non-performance, and default; and notices of the amount owing at any time, and of any demands upon the Buyer.

Guarantor X ___ Date ___

Address ___

Guarantor X ___ Date ___

Address ___

---

"THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION"

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the Seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off highway motor vehicle subject to identification under California Law. See the vehicle contract cancellation option agreement for details.

BUYER ACKNOWLEDGES THAT (1) BEFORE SIGNING THIS AGREEMENT BUYER READ BOTH SIDES OF THIS AGREEMENT AND RECEIVED A LEGIBLE, COMPLETELY FILLED IN COPY OF THIS AGREEMENT, AND (2) BUYER HAS RECEIVED A COPY OF EVERY OTHER DOCUMENT THAT BUYER SIGNED DURING THE CONTRACT NEGOTIATION.

Buyer's Signature X ___ Date ___ Co-Buyer's Signature X ___ Date ___

A co-buyer is responsible for the payments of the debt on this contract. An additional owner is listed on the title as an owner, but is not responsible for payment of the debt on this contract.

Additional Owner ___

Seller YIA'S AUTO SALES Address ___

5850 FRANKLIN BLVD Address ___

SACRAMENTO, CA 95823 By X ___ Title ___

916-422-0600

BPI FORM NO. ... SOUTHERN CALIFORNIA / NATIONWIDE ... SACRAMENTO / NORTHERN CALIFORNIA (916) ...

The Printer makes no warranty, express or implied, as to content or fitness for purpose of this form. Consult your own legal counsel.

DUPLICATE

NOTICE (Federal Law)

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

TELEPHONE MONITORING AND CALLING

CREDIT APPROVAL TERMS AND CONDITIONS (RESCISSION RIGHTS)

CLAIM PROCEDURE

ASSIGNMENT WITH RECOURSE

14. NOTICE TO BUYER:

## CLAIM PROCEDURE

## ASSIGNMENT WITH RECOURSE

FOR VALUE RECEIVED, the undersigned herein assigned the undersigned between the Purchaser and the undersigned, and the property described, and all his right, title and

Signer: _____ (Seal)

(Name of Dealer)

(Dealer's Town and State)

## ASSIGNMENT WITHOUT RECOURSE

FOR VALUE RECEIVED, the undersigned (assignor) does hereby sell, assign and transfer to

Dated _____

Witness: _____ (Seal)

(Name of Dealer)

(Dealer's Town and State)

(Officer, Firm Member of Dealer)

## NOTICE OF ASSIGNMENT COPY SENT

Name of Assignee: _____

Address: _____

# EXHIBIT B

Compound Period ..........: Monthly

Nominal Annual Rate ....: 12.000  %
Effective Annual Rate ...: 12.683  %
Periodic Rate ................: 1.0000  %
Daily Rate .....................: 0.03288 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1  Loan | 02/21/2011 | 12,241.00 | 1 | | |
| 2  Payment | 03/21/2011 | 272.29 | 60 | Monthly | 02/21/2016 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 02/21/2011 | | | | 12,241.00 |
| 1 | 03/21/2011 | 272.29 | 122.41 | 149.88 | 12,091.12 |
| 2 | 04/21/2011 | 272.29 | 120.91 | 151.38 | 11,939.74 |
| 3 | 05/21/2011 | 272.29 | 119.40 | 152.89 | 11,786.85 |
| 4 | 06/21/2011 | 272.29 | 117.87 | 154.42 | 11,632.43 |
| 5 | 07/21/2011 | 272.29 | 116.32 | 155.97 | 11,476.46 |
| 6 | 08/21/2011 | 272.29 | 114.76 | 157.53 | 11,318.93 |
| 7 | 09/21/2011 | 272.29 | 113.19 | 159.10 | 11,159.83 |
| 8 | 10/21/2011 | 272.29 | 111.60 | 160.69 | 10,999.14 |
| 9 | 11/21/2011 | 272.29 | 109.99 | 162.30 | 10,836.84 |
| 10 | 12/21/2011 | 272.29 | 108.37 | 163.92 | 10,672.92 |
| 2011 | Totals | 2,722.90 | 1,154.82 | 1,568.08 | |
| 11 | 01/21/2012 | 272.29 | 106.73 | 165.56 | 10,507.36 |
| 12 | 02/21/2012 | 272.29 | 105.07 | 167.22 | 10,340.14 |
| 13 | 03/21/2012 | 272.29 | 103.40 | 168.89 | 10,171.25 |
| 14 | 04/21/2012 | 272.29 | 101.71 | 170.58 | 10,000.67 |
| 15 | 05/21/2012 | 272.29 | 100.01 | 172.28 | 9,828.39 |
| 16 | 06/21/2012 | 272.29 | 98.28 | 174.01 | 9,654.38 |
| 17 | 07/21/2012 | 272.29 | 96.54 | 175.75 | 9,478.63 |
| 18 | 08/21/2012 | 272.29 | 94.79 | 177.50 | 9,301.13 |
| 19 | 09/21/2012 | 272.29 | 93.01 | 179.28 | 9,121.85 |
| 20 | 10/21/2012 | 272.29 | 91.22 | 181.07 | 8,940.78 |
| 21 | 11/21/2012 | 272.29 | 89.41 | 182.88 | 8,757.90 |
| 22 | 12/21/2012 | 272.29 | 87.58 | 184.71 | 8,573.19 |
| 2012 | Totals | 3,267.48 | 1,167.75 | 2,099.73 | |
| 23 | 01/21/2013 | 272.29 | 85.73 | 186.56 | 8,386.63 |
| 24 | 02/21/2013 | 272.29 | 83.87 | 188.42 | 8,198.21 |
| 25 | 03/21/2013 | 272.29 | 81.98 | 190.31 | 8,007.90 |
| 26 | 04/21/2013 | 272.29 | 80.08 | 192.21 | 7,815.69 |
| 27 | 05/21/2013 | 272.29 | 78.16 | 194.13 | 7,621.56 |
| 28 | 06/21/2013 | 272.29 | 76.22 | 196.07 | 7,425.49 |
| 29 | 07/21/2013 | 272.29 | 74.25 | 198.04 | 7,227.45 |

EXHIBIT  B

02/27/2011 · Page 2

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 30 | 08/21/2013 | 272.29 | 72.27 | 200.02 | 7,027.43 |
| 31 | 09/21/2013 | 272.29 | 70.27 | 202.02 | 6,825.41 |
| 32 | 10/21/2013 | 272.29 | 68.25 | 204.04 | 6,621.37 |
| 33 | 11/21/2013 | 272.29 | 66.21 | 206.08 | 6,415.29 |
| 34 | 12/21/2013 | 272.29 | 64.15 | 208.14 | 6,207.15 |
| 2013 | Totals | 3,267.48 | 901.44 | 2,366.04 | |
| | | | | | |
| 35 | 01/21/2014 | 272.29 | 62.07 | 210.22 | 5,996.93 |
| 36 | 02/21/2014 | 272.29 | 59.97 | 212.32 | 5,784.61 |
| 37 | 03/21/2014 | 272.29 | 57.85 | 214.44 | 5,570.17 |
| 38 | 04/21/2014 | 272.29 | 55.70 | 216.59 | 5,353.58 |
| 39 | 05/21/2014 | 272.29 | 53.54 | 218.75 | 5,134.83 |
| 40 | 06/21/2014 | 272.29 | 51.35 | 220.94 | 4,913.89 |
| 41 | 07/21/2014 | 272.29 | 49.14 | 223.15 | 4,690.74 |
| 42 | 08/21/2014 | 272.29 | 46.91 | 225.38 | 4,465.36 |
| 43 | 09/21/2014 | 272.29 | 44.65 | 227.64 | 4,237.72 |
| 44 | 10/21/2014 | 272.29 | 42.38 | 229.91 | 4,007.81 |
| 45 | 11/21/2014 | 272.29 | 40.08 | 232.21 | 3,775.60 |
| 46 | 12/21/2014 | 272.29 | 37.76 | 234.53 | 3,541.07 |
| 2014 | Totals | 3,267.48 | 601.40 | 2,666.08 | |
| | | | | | |
| 47 | 01/21/2015 | 272.29 | 35.41 | 236.88 | 3,304.19 |
| 48 | 02/21/2015 | 272.29 | 33.04 | 239.25 | 3,064.94 |
| 49 | 03/21/2015 | 272.29 | 30.65 | 241.64 | 2,823.30 |
| 50 | 04/21/2015 | 272.29 | 28.23 | 244.06 | 2,579.24 |
| 51 | 05/21/2015 | 272.29 | 25.79 | 246.50 | 2,332.74 |
| 52 | 06/21/2015 | 272.29 | 23.33 | 248.96 | 2,083.78 |
| 53 | 07/21/2015 | 272.29 | 20.84 | 251.45 | 1,832.33 |
| 54 | 08/21/2015 | 272.29 | 18.32 | 253.97 | 1,578.36 |
| 55 | 09/21/2015 | 272.29 | 15.78 | 256.51 | 1,321.85 |
| 56 | 10/21/2015 | 272.29 | 13.22 | 259.07 | 1,062.78 |
| 57 | 11/21/2015 | 272.29 | 10.63 | 261.66 | 801.12 |
| 58 | 12/21/2015 | 272.29 | 8.01 | 264.28 | 536.84 |
| 2015 | Totals | 3,267.48 | 263.25 | 3,004.23 | |
| | | | | | |
| 59 | 01/21/2016 | 272.29 | 5.37 | 266.92 | 269.92 |
| 60 | 02/21/2016 | 272.29 | 2.37 | 269.92 | 0.00 |
| 2016 | Totals | 544.58 | 7.74 | 536.84 | |
| | | | | | |
| Grand Totals | | 16,337.40 | 4,096.40 | 12,241.00 | |

# EXHIBIT C

12/10/2010 - Page 1

Compound Period .......... : Monthly

Nominal Annual Rate .... : 20.310  %
Effective Annual Rate ... : 22.312  %
Periodic Rate ................. : 1.6925  %
Daily Rate ...................... : 0.05565 %

CASH FLOW DATA

| | Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|---|
| 1 | Loan | 12/10/2010 | 12,241.00 | 1 | | |
| 2 | Payment | 01/10/2011 | 326.43 | 60 | Monthly | 12/10/2015 |

AMORTIZATION SCHEDULE – Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 12/10/2010 | | | | 12,241.00 |
| 2010 | Totals | 0.00 | 0.00 | 0.00 | |
| | | | | | |
| 1 | 01/10/2011 | 326.43 | 207.18 | 119.25 | 12,121.75 |
| 2 | 02/10/2011 | 326.43 | 205.17 | 121.26 | 12,000.49 |
| 3 | 03/10/2011 | 326.43 | 203.11 | 123.32 | 11,877.17 |
| 4 | 04/10/2011 | 326.43 | 201.03 | 125.40 | 11,751.77 |
| 5 | 05/10/2011 | 326.43 | 198.90 | 127.53 | 11,624.24 |
| 6 | 06/10/2011 | 326.43 | 196.74 | 129.69 | 11,494.55 |
| 7 | 07/10/2011 | 326.43 | 194.55 | 131.88 | 11,362.67 |
| 8 | 08/10/2011 | 326.43 | 192.32 | 134.11 | 11,228.56 |
| 9 | 09/10/2011 | 326.43 | 190.05 | 136.38 | 11,092.18 |
| 10 | 10/10/2011 | 326.43 | 187.74 | 138.69 | 10,953.49 |
| 11 | 11/10/2011 | 326.43 | 185.39 | 141.04 | 10,812.45 |
| 12 | 12/10/2011 | 326.43 | 183.01 | 143.42 | 10,669.03 |
| 2011 | Totals | 3,917.16 | 2,345.19 | 1,571.97 | |
| | | | | | |
| 13 | 01/10/2012 | 326.43 | 180.58 | 145.85 | 10,523.18 |
| 14 | 02/10/2012 | 326.43 | 178.11 | 148.32 | 10,374.86 |
| 15 | 03/10/2012 | 326.43 | 175.60 | 150.83 | 10,224.03 |
| 16 | 04/10/2012 | 326.43 | 173.05 | 153.38 | 10,070.65 |
| 17 | 05/10/2012 | 326.43 | 170.45 | 155.98 | 9,914.67 |
| 18 | 06/10/2012 | 326.43 | 167.81 | 158.62 | 9,756.05 |
| 19 | 07/10/2012 | 326.43 | 165.13 | 161.30 | 9,594.75 |
| 20 | 08/10/2012 | 326.43 | 162.40 | 164.03 | 9,430.72 |
| 21 | 09/10/2012 | 326.43 | 159.62 | 166.81 | 9,263.91 |
| 22 | 10/10/2012 | 326.43 | 156.80 | 169.63 | 9,094.28 |
| 23 | 11/10/2012 | 326.43 | 153.92 | 172.51 | 8,921.77 |
| 24 | 12/10/2012 | 326.43 | 151.00 | 175.43 | 8,746.34 |
| 2012 | Totals | 3,917.16 | 1,994.47 | 1,922.69 | |
| | | | | | |
| 25 | 01/10/2013 | 326.43 | 148.04 | 178.39 | 8,567.95 |
| 26 | 02/10/2013 | 326.43 | 145.02 | 181.41 | 8,386.54 |
| 27 | 03/10/2013 | 326.43 | 141.95 | 184.48 | 8,202.06 |

EXHIBIT _C_

12/10/2010   Page 2

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 28 | 04/10/2013 | 326.43 | 138.82 | 187.61 | 8,014.45 |
| 29 | 05/10/2013 | 326.43 | 135.65 | 190.78 | 7,823.67 |
| 30 | 06/10/2013 | 326.43 | 132.42 | 194.01 | 7,629.66 |
| 31 | 07/10/2013 | 326.43 | 129.14 | 197.29 | 7,432.37 |
| 32 | 08/10/2013 | 326.43 | 125.80 | 200.63 | 7,231.74 |
| 33 | 09/10/2013 | 326.43 | 122.40 | 204.03 | 7,027.71 |
| 34 | 10/10/2013 | 326.43 | 118.95 | 207.48 | 6,820.23 |
| 35 | 11/10/2013 | 326.43 | 115.44 | 210.99 | 6,609.24 |
| 36 | 12/10/2013 | 326.43 | 111.86 | 214.57 | 6,394.67 |
| 2013 | Totals | 3,917.16 | 1,565.49 | 2,351.67 | |
| | | | | | |
| 37 | 01/10/2014 | 326.43 | 108.23 | 218.20 | 6,176.47 |
| 38 | 02/10/2014 | 326.43 | 104.54 | 221.89 | 5,954.58 |
| 39 | 03/10/2014 | 326.43 | 100.78 | 225.65 | 5,728.93 |
| 40 | 04/10/2014 | 326.43 | 96.96 | 229.47 | 5,499.46 |
| 41 | 05/10/2014 | 326.43 | 93.08 | 233.35 | 5,266.11 |
| 42 | 06/10/2014 | 326.43 | 89.13 | 237.30 | 5,028.81 |
| 43 | 07/10/2014 | 326.43 | 85.11 | 241.32 | 4,787.49 |
| 44 | 08/10/2014 | 326.43 | 81.03 | 245.40 | 4,542.09 |
| 45 | 09/10/2014 | 326.43 | 76.88 | 249.55 | 4,292.54 |
| 46 | 10/10/2014 | 326.43 | 72.65 | 253.78 | 4,038.76 |
| 47 | 11/10/2014 | 326.43 | 68.36 | 258.07 | 3,780.69 |
| 48 | 12/10/2014 | 326.43 | 63.99 | 262.44 | 3,518.25 |
| 2014 | Totals | 3,917.16 | 1,040.74 | 2,876.42 | |
| | | | | | |
| 49 | 01/10/2015 | 326.43 | 59.55 | 266.88 | 3,251.37 |
| 50 | 02/10/2015 | 326.43 | 55.03 | 271.40 | 2,979.97 |
| 51 | 03/10/2015 | 326.43 | 50.44 | 275.99 | 2,703.98 |
| 52 | 04/10/2015 | 326.43 | 45.77 | 280.66 | 2,423.32 |
| 53 | 05/10/2015 | 326.43 | 41.02 | 285.41 | 2,137.91 |
| 54 | 06/10/2015 | 326.43 | 36.18 | 290.25 | 1,847.66 |
| 55 | 07/10/2015 | 326.43 | 31.27 | 295.16 | 1,552.50 |
| 56 | 08/10/2015 | 326.43 | 26.28 | 300.15 | 1,252.35 |
| 57 | 09/10/2015 | 326.43 | 21.20 | 305.23 | 947.12 |
| 58 | 10/10/2015 | 326.43 | 16.03 | 310.40 | 636.72 |
| 59 | 11/10/2015 | 326.43 | 10.78 | 315.65 | 321.07 |
| 60 | 12/10/2015 | 326.43 | 5.36 | 321.07 | 0.00 |
| 2015 | Totals | 3,917.16 | 398.91 | 3,518.25 | |
| | | | | | |
| Grand Totals | | 19,585.80 | 7,344.80 | 12,241.00 | |

# EXHIBIT D

Buyer Name:
Nan Lee Anorda
3545 41st Ave. #12
Sacramento, CA 95824

Yee's Auto Sales
3850 Franklin Blvd.
Sacramento, CA 95824
(916) 422-9601

EXHIBIT ___D___

DISCLOSURE OF AUTO BROKER FEE

A BROKERAGE FEE:   WAS ☐   WAS NOT ☑   PAID

NOTICE OF RESCISSION RIGHTS

If Buyer signs here, the provisions on the reverse side shall be applicable to this contract.

GUARANTY

**"THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION"**

California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the Seller or for legal cause, such as fraud.

However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle, or an off-highway motor vehicle subject to identification under California Law. See the vehicle contract cancellation option agreement for details.

NOTICE (Federal Law)

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED THE AMOUNTS PAID BY THE DEBTOR HEREUNDER.

CREDIT APPROVAL, TERMS AND CONDITIONS (RESCISSION RIGHTS)

CLAIM PROCEDURE

ASSIGNMENT WITH RECOURSE

TWELVE CALENDAR MONTHS AFTER ...

## ASSIGNMENT WITH RECOURSE

Signed: _____   _____   _____
(Name of Dealer)                  (Seller)                  (Owner, Firm Member or Dealer)

## ASSIGNMENT WITHOUT RECOURSE

FOR VALUE RECEIVED, the undersigned (Assignor) does hereby sell, assign and transfer to ...

Signed: _____   _____   _____
(Name of Dealer)                  (Seller)                  (Owner, Firm Member or Dealer)

## NOTICE OF ASSIGNMENT COPY SENT

| Date Sent | Name of Assignee | Address |
|---|---|---|

ASB (Rev. 1/07)

# EXHIBIT E

Compound Period ..........: Monthly

Nominal Annual Rate ....: 12.000   %
Effective Annual Rate ...: 12.683   %
Periodic Rate ..............: 1.0000   %
Daily Rate .....................: 0.03288 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1  Loan | 02/21/2011 | 7,098.00 | 1 | | |
| 2  Payment | 03/21/2011 | 235.76 | 36 | Monthly | 02/21/2014 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 02/21/2011 | | | | 7,098.00 |
| 1 | 03/21/2011 | 235.76 | 70.98 | 164.78 | 6,933.22 |
| 2 | 04/21/2011 | 235.76 | 69.33 | 166.43 | 6,766.79 |
| 3 | 05/21/2011 | 235.76 | 67.67 | 168.09 | 6,598.70 |
| 4 | 06/21/2011 | 235.76 | 65.99 | 169.77 | 6,428.93 |
| 5 | 07/21/2011 | 235.76 | 64.29 | 171.47 | 6,257.46 |
| 6 | 08/21/2011 | 235.76 | 62.57 | 173.19 | 6,084.27 |
| 7 | 09/21/2011 | 235.76 | 60.84 | 174.92 | 5,909.35 |
| 8 | 10/21/2011 | 235.76 | 59.09 | 176.67 | 5,732.68 |
| 9 | 11/21/2011 | 235.76 | 57.33 | 178.43 | 5,554.25 |
| 10 | 12/21/2011 | 235.76 | 55.54 | 180.22 | 5,374.03 |
| 2011 | Totals | 2,357.60 | 633.63 | 1,723.97 | |
| 11 | 01/21/2012 | 235.76 | 53.74 | 182.02 | 5,192.01 |
| 12 | 02/21/2012 | 235.76 | 51.92 | 183.84 | 5,008.17 |
| 13 | 03/21/2012 | 235.76 | 50.08 | 185.68 | 4,822.49 |
| 14 | 04/21/2012 | 235.76 | 48.22 | 187.54 | 4,634.95 |
| 15 | 05/21/2012 | 235.76 | 46.35 | 189.41 | 4,445.54 |
| 16 | 06/21/2012 | 235.76 | 44.46 | 191.30 | 4,254.24 |
| 17 | 07/21/2012 | 235.76 | 42.54 | 193.22 | 4,061.02 |
| 18 | 08/21/2012 | 235.76 | 40.61 | 195.15 | 3,865.87 |
| 19 | 09/21/2012 | 235.76 | 38.66 | 197.10 | 3,668.77 |
| 20 | 10/21/2012 | 235.76 | 36.69 | 199.07 | 3,469.70 |
| 21 | 11/21/2012 | 235.76 | 34.70 | 201.06 | 3,268.64 |
| 22 | 12/21/2012 | 235.76 | 32.69 | 203.07 | 3,065.57 |
| 2012 | Totals | 2,829.12 | 520.66 | 2,308.46 | |
| 23 | 01/21/2013 | 235.76 | 30.66 | 205.10 | 2,860.47 |
| 24 | 02/21/2013 | 235.76 | 28.60 | 207.16 | 2,653.31 |
| 25 | 03/21/2013 | 235.76 | 26.53 | 209.23 | 2,444.08 |
| 26 | 04/21/2013 | 235.76 | 24.44 | 211.32 | 2,232.76 |
| 27 | 05/21/2013 | 235.76 | 22.33 | 213.43 | 2,019.33 |
| 28 | 06/21/2013 | 235.76 | 20.19 | 215.57 | 1,803.76 |
| 29 | 07/21/2013 | 235.76 | 18.04 | 217.72 | 1,586.04 |

EXHIBIT  E

02/24/2011   Page 2

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 30 | 08/21/2013 | 235.76 | 15.86 | 219.90 | 1,366.14 |
| 31 | 09/21/2013 | 235.76 | 13.66 | 222.10 | 1,144.04 |
| 32 | 10/21/2013 | 235.76 | 11.44 | 224.32 | 919.72 |
| 33 | 11/21/2013 | 235.76 | 9.20 | 226.56 | 693.16 |
| 34 | 12/21/2013 | 235.76 | 6.93 | 228.83 | 464.33 |
| 2013 Totals | | 2,829.12 | 227.88 | 2,601.24 | |
| | | | | | |
| 35 | 01/21/2014 | 235.76 | 4.64 | 231.12 | 233.21 |
| 36 | 02/21/2014 | 235.76 | 2.55 | 233.21 | 0.00 |
| 2014 Totals | | 471.52 | 7.19 | 464.33 | |
| | | | | | |
| Grand Totals | | 8,487.36 | 1,389.36 | 7,098.00 | |

# EXHIBIT F

Compound Period .........: Monthly

Nominal Annual Rate ....:   21.201   %
Effective Annual Rate ...:   23.387   %
Periodic Rate .................:    1.7667  %
Daily Rate .....................:    0.05809 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|-------|-----------|--------|--------|--------|----------|
| 1  Loan | 12/20/2010 | 7,098.00 | 1 | | |
| 2  Payment | 01/20/2011 | 268.15 | 36 | Monthly | 12/20/2013 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|------|---------|----------|-----------|---------|
| Loan | 12/20/2010 | | | | 7,098.00 |
| 2010 | Totals | 0.00 | 0.00 | 0.00 | |
| | | | | | |
| 1 | 01/20/2011 | 268.15 | 125.40 | 142.75 | 6,955.25 |
| 2 | 02/20/2011 | 268.15 | 122.88 | 145.27 | 6,809.98 |
| 3 | 03/20/2011 | 268.15 | 120.31 | 147.84 | 6,662.14 |
| 4 | 04/20/2011 | 268.15 | 117.70 | 150.45 | 6,511.69 |
| 5 | 05/20/2011 | 268.15 | 115.04 | 153.11 | 6,358.58 |
| 6 | 06/20/2011 | 268.15 | 112.34 | 155.81 | 6,202.77 |
| 7 | 07/20/2011 | 268.15 | 109.59 | 158.56 | 6,044.21 |
| 8 | 08/20/2011 | 268.15 | 106.79 | 161.36 | 5,882.85 |
| 9 | 09/20/2011 | 268.15 | 103.93 | 164.22 | 5,718.63 |
| 10 | 10/20/2011 | 268.15 | 101.03 | 167.12 | 5,551.51 |
| 11 | 11/20/2011 | 268.15 | 98.08 | 170.07 | 5,381.44 |
| 12 | 12/20/2011 | 268.15 | 95.08 | 173.07 | 5,208.37 |
| 2011 | Totals | 3,217.80 | 1,328.17 | 1,889.63 | |
| | | | | | |
| 13 | 01/20/2012 | 268.15 | 92.02 | 176.13 | 5,032.24 |
| 14 | 02/20/2012 | 268.15 | 88.91 | 179.24 | 4,853.00 |
| 15 | 03/20/2012 | 268.15 | 85.74 | 182.41 | 4,670.59 |
| 16 | 04/20/2012 | 268.15 | 82.52 | 185.63 | 4,484.96 |
| 17 | 05/20/2012 | 268.15 | 79.24 | 188.91 | 4,296.05 |
| 18 | 06/20/2012 | 268.15 | 75.90 | 192.25 | 4,103.80 |
| 19 | 07/20/2012 | 268.15 | 72.50 | 195.65 | 3,908.15 |
| 20 | 08/20/2012 | 268.15 | 69.05 | 199.10 | 3,709.05 |
| 21 | 09/20/2012 | 268.15 | 65.53 | 202.62 | 3,506.43 |
| 22 | 10/20/2012 | 268.15 | 61.95 | 206.20 | 3,300.23 |
| 23 | 11/20/2012 | 268.15 | 58.31 | 209.84 | 3,090.39 |
| 24 | 12/20/2012 | 268.15 | 54.60 | 213.55 | 2,876.84 |
| 2012 | Totals | 3,217.80 | 886.27 | 2,331.53 | |
| | | | | | |
| 25 | 01/20/2013 | 268.15 | 50.83 | 217.32 | 2,659.52 |
| 26 | 02/20/2013 | 268.15 | 46.99 | 221.16 | 2,438.36 |
| 27 | 03/20/2013 | 268.15 | 43.08 | 225.07 | 2,213.29 |

EXHIBIT   F

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 28 | 04/20/2013 | 268.15 | 39.10 | 229.05 | 1,984.24 |
| 29 | 05/20/2013 | 268.15 | 35.06 | 233.09 | 1,751.15 |
| 30 | 06/20/2013 | 268.15 | 30.94 | 237.21 | 1,513.94 |
| 31 | 07/20/2013 | 268.15 | 26.75 | 241.40 | 1,272.54 |
| 32 | 08/20/2013 | 268.15 | 22.48 | 245.67 | 1,026.87 |
| 33 | 09/20/2013 | 268.15 | 18.14 | 250.01 | 776.86 |
| 34 | 10/20/2013 | 268.15 | 13.73 | 254.42 | 522.44 |
| 35 | 11/20/2013 | 268.15 | 9.23 | 258.92 | 263.52 |
| 36 | 12/20/2013 | 268.15 | 4.63 | 263.52 | 0.00 |
| 2013 | Totals | 3,217.80 | 340.96 | 2,876.84 | |
| Grand Totals | | 9,653.40 | 2,555.40 | 7,098.00 | |

# EXHIBIT G



FILE COPY

DMV USE ONLY
2T211

## SURETY BOND OF DEALER

Bond No. 897-86-17- 962896

*Know All Men by These Presents:*

That We, **Yin E. Yang & Mee Her DBA Yin's Auto Sales**
and **Great American Insurance Company**, a Surety Company
qualified and authorized to do business in the State of California, as Surety, are held and firmly bound unto the PEOPLE OF THE STATE OF CALIFORNIA, in the penal sum of FIFTY THOUSAND AND NO/100 DOLLARS ($50,000.00), lawful money of the United States of America, for the payment of which, well and truly to be made, the undersigned Principal and Surety bind themselves, their respective heirs, administrators, successors, and assigns, jointly and severally, firmly by these presents.

THE CONDITION of the foregoing obligation is such, that whereas Principal has made, or is about to make, application to the State of California for a license under Chapter 4, Division 5, of the Vehicle Code of the State of California to act as a dealer of vehicles:

NOW, THEREFORE, if the Principal shall:
(1) Well and truly continue the business of dealer of vehicles free from the practice of any fraud, or without making any fraudulent representations, within the meaning of that term as explained in Section 11711 of the Vehicle Code,
   (a) which cause a monetary loss to a purchaser, seller, or governmental agency, or
   (b) which cause a monetary loss to a financing agency in respects such a conditional sales contract as is defined in Section 2981 of the Civil Code, and which was acquired by said agency by way of purchase of pledges and
   (c) which cause a monetary loss to a financing agency that has loaned money to a licensee or assignee thereof shall be allowed only to the extent that the claims of any other person or entity with respect to the bond under Section 11711 of the Vehicle Code shall be satisfied first and entitled to preference over the claims of the financing agency with respect to the bond.
(2) Pay for every vehicle sold to and purchased by him from any person, and
(3) Reimburse the State of California, or any political subdivision thereof, for any loss or damage which the State of California, or any political subdivision, may suffer by reason of a violation by such dealer or his representative, of any of the provisions of Division 3 of the Vehicle Code, or Division 2, Part 5 of the Revenue and Taxation Code;

then this obligation shall be null and void; otherwise to remain in full force and effect.

This bond shall be effective on ____ August 29th 2002, and shall run concurrently with the period of the license granted to the Principal, and shall remain in full force and effect for any renewals thereof, provided, however, that the penalty of said bond shall not be cumulative from year to year, and the total liability of the Surety herein shall not exceed the sum of $50,000.00, regardless of the number of license periods for which said bond is in force.

It shall be the responsibility of the surety to notify the Department of Motor Vehicles immediately upon the payment of any funds which decreases the liability of the Surety under this bond, if there is outstanding a final court judgment for which the dealer, associate seller and/or bonding company is liable.

This bond may be cancelled by the Surety upon the Surety serving written notice upon the Department of Motor Vehicles of its desire to cancel, and the cancellation date shall be thirty (30) days from the date said notice of cancellation is received.

IN WITNESS WHEREOF the said Principal and Surety have hereunto signed these presents, July 16th 2003.

SURETY SEAL

Great American Insurance Company
925 Alhambra Blvd, Ste. #203 Sacramento, California 95816

By _____
Carol Seperas

Page 1 of 1

EXHIBIT 6

From : Bill Andrews ,

## Great American Insurance Company

## NOTICE OF CANCELLATION

Reason: DEALER REQUEST

August 30  2011

DEPT. OF MOTOR VEHICLES
P.O. BOX 932342- MAIL STATION L-224
SACRAMENTO CA. 94232

License #27111                                    Bond No.  397-85-17- 982896

WHEREAS, on or about the _____ 20th _____ day of _____ August _____ A.D. _____ 2011 _____ , the

Great American Insurance Company _____ , as Surety, executed its _____ DEALER LICENSE

Bond in the penalty of _____ FIFTY THOUSAND _____ Dollars (S 50,000.00 ), on behalf of
_____ Yia B. Yang & Mee Her  DBA  Yia's Auto Sales _____ of _____ Sacramento _____

as Principal, in favor of _____ The State of California _____

WHEREAS, said bond, by its terms, provides that the said Surety shall have the right to
terminate its suretyship thereunder by serving notice of its election so to do upon said
obligee, and

WHEREAS, said Surety desires to take advantage of the terms of said bond and does hereby
elect to terminate its liability in accordance with the provisions thereof.

NOW, THEREFORE, be it known that _____ Great American Insurance Company _____
shall, at the expiration of 09/30/2011  after receipt of this notice, consider itself
released from all liability by reason of any default committed thereafter by said Principal

Signed and Sealed this _____ 30th _____ day of _____ August _____ A.D. _____ 2011 _____

By _____

Carol Severns,  Attorney-in-Fact

From: Bill Assiкwe (



STATE OF CALIFORNIA
DEPARTMENT OF MOTOR VEHICLES

DEALER SURETY BOND
(Vehicle Code Section 11710)

DEALER ACCOUNT NUMBER

NAME

Bond Number ___397-89-17-___ __988419___
SURETY USE ONLY

### KNOW ALL PERSONS BY THESE PRESENTS:

That we, _____ Yiu's Auto Sales Inc _____
PRINCIPAL NAME(S) AND DBA

doing business as a dealer whose address for service is _____ 9850 Franklin Blvd. Sacramento CA 95824 _____
DEALER SERVICE ADDRESS

_____ as PRINCIPAL, and _____ Great American Insurance Company _____
SURETY NAME

a corporation organized under the laws of _____ OHIO _____ and authorized to transact a
STATE OF INCORPORATION

general surety business in the State of California, whose address for service is ____ 938 Alhambra Blvd. #260 Sacramento, Ca. 95816 ____
SURETY SERVICE ADDRESS

_____ as SURETY, are held and firmly bound to the People of the State of
California in the penal sum of FIFTY THOUSAND DOLLARS ($50,000), for which payment we bind ourselves, our heirs, executors,
administrators, successors and assigns jointly and severally, firmly by these presents. The bond term shall begin on ____8/25/2011____
BOND EFFECTIVE DATE

WHEREAS, section 11710, Vehicle Code, requires that the Principal file or save on file with the Department a bond in the sum of $50,000
and this bond is executed and tendered in accordance therewith.

NOW THEREFORE, the conditions of the foregoing obligation are that if the Principal shall not practice any fraud or make any fraudulent
representation which will cause a monetary loss to a purchaser, seller, financing agency, or governmental agency; and, shall not fail to comply with
conditions set out in section 11711, then this obligation is to be void; otherwise it is to remain in full force and effect.

PROVIDED HOWEVER, this bond is issued subject to the following express conditions:

(1) This bond shall be deemed continuous in form and shall remain in full force and effect and shall run concurrently with the license
period for which the license is granted and each and every succeeding license period or periods for which said Principal may be licensed,
after which liability hereunder shall cease except as to any liability or indebtedness theretofore incurred or accrued hereunder.

(2) This bond is executed by the Surety to comply with Article 1 (commencing with section 11700), Chapter 4, Division 5, Vehicle
Code and chapter 2, title 14, part 2, Code of Civil Procedure and said bond shall be subject to all the terms and provisions thereof.

(3) The aggregate liability of the Surety hereunder on all claims whatsoever shall not exceed the penal sum of this bond in any event.

(4) This bond may be cancelled by the Surety in accordance with Article 13 (commencing with section 996.310), chapter 2, title 14,
part 2, Code of Civil Procedure.

(5) The surety, its successors and assigns, are jointly and severally liable on the obligations of the bond, chapter 2 (commencing with
section 995.010), title 14, part 2, Code of Civil Procedure and Article 1 (commencing with section 11700), Chapter 4, Division 5, Vehicle
Code.

(6) The Principal and Surety may be served with notice, papers and other documents under chapter 2 (commencing with section
995.010), title 14, part 2, Code of Civil Procedure at the addresses given above.

I certify (or declare) under penalty of perjury, under the laws of the State of California that I have executed the foregoing bond on behalf of the
surety under an unrevoked power of attorney.

Executed in ____ Sacramento, CA. ____

On (Date) ____ 8/30/2011 ____                    SIGNATURE OF ATTORNEY-IN-FACT

Carol Sigueros

PRINTED OR TYPED NAME OF ATTORNEY-IN-FACT

OL 25 (REV. 1/2008) WWW

# EXHIBIT H

KEMNITZER, BARRON & KRIEG, LLP

ATTORNEYS AT LAW

www.kbklegal.com

FILE COPY

SCANNED

JASON GREEN-LOWE
445 BUSH STREET, 6TH FLOOR
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 632-1501
FACSIMILE: (415) 632-1901
EMAIL: jason@kbklegal.com

OFFICE LOCATIONS:
SAN FRANCISCO
SACRAMENTO
SANTA BARBARA
FRESNO

January 13, 2011

<u>Via Certified U.S. Mail, Return Receipt Requested</u>

Yia's Auto Sales
5850 Franklin Blvd
Sacramento, CA 95824

Yia Yank *or* Yia Yang, personally
9308 Fox Springs Way
Elk Grove, CA 95624

Platinum Financial
P.O. Box 2016
Elk Grove, CA 95759

Five Diamond Financial
3050 Murray Ln
Costa Mesa, CA 92626

Re:   <u>Bor Pha, *et al.*  v. Yia's Auto Sales, *et al.*</u>
      Vehicle:    Used 2004 Honda Odyssey *and others*
      VIN:        5FNRL18024B060779
      DOP:        September 16, 2010

To Whom It May Concern:

We have been retained by Bor Pha and Nou Lee to represent them, and all similarly situated consumers in an action against Yia's Auto Sales, Platinum Financial, Five Diamond Financial, and any other parties that may be responsible for the fraud arising out of their purchase and/or financing of vehicles from Yia's Auto Sales during the last four years. At the time that Bor Pha purchased her 2004 Honda Odyssey it had an odometer reading of 69,084 miles. At the time that Nou Lee purchased her 1999 Toyota Camry it had an odometer reading of 139,111 miles. This letter is being sent in accordance with California's Civil Code §1782. This is a statutory demand and offer to compromise. Do not contact Bor Pha or Nou Lee directly. All further contact should be directed to this office.

Summary of Allegations

On September 16, 2010, Bor Pha visited Yia's Auto Sales of Sacramento and purchased a used 2004 Honda Odyssey at a cash price of $13,000. The vehicle was financed through either Yia's Auto Sales or an entity working in close association with Yia's Auto Sales. Similarly, on November 9, 2007, Nou Lee visited Yia's Auto Sales of Sacramento and purchased a used 1999 Toyota Camry at a cash price of $7,800; the vehicle was also financed through either Yia's Auto Sales or an entity working in close association with Yia's Auto Sales. Copies of the purchase contracts for these vehicles are attached as **Exhibit A**.

Both purchases were "conditional sales contracts" as defined by the Rees-Levering Automobile Sales Finance Act, California Civil Code §2981 *et seq.* In both cases, Yia's Auto Sales failed to accurately disclose the annual percentage rate of the financing, as required by the Rees-

EXHIBIT   H

Yia's Auto Sales
Platinum Financial
January 13, 2011
Page 2 of 3

Lending Act. Bor Pha's interest rate was listed as "12%," but the actual interest rate on the amount financed was 22.312%, as shown on the attached amortization charts, **Exhibit B**. Similarly, Nou Lee's interest rate was listed as "1% x AF x 36%," which is not an acceptable format for the disclosure of interest rates under Regulation Z and California Civil Code §2982. To the extent that this text is decipherable, it appears to indicate an annual interest rate of 12%; i.e., "1% interest times the amount financed times 36 months." If one month is alleged to have 1% interest, then it stands to reason that twelve months would be alleged to have 12% interest. However, as shown in Exhibit B, Nou Lee's actual interest rate was 21.2%.

Had Bor Pha actually been charged a 12% interest rate, she would have paid $4096, but you charged her $7344 in interest alone. Had Nou Lee actually been charged a 12% interest rate, she would have paid $1383, but you charged her $2555 in interest alone. On just these two transactions alone, you effectively cheated our clients out of $4,420.

What makes this swindle truly outrageous is that your ill-gotten gains were made possible by our clients' poor knowledge of the English language. It is our understanding that you do a great deal of business with and in the Hmong community, where many members are not fluent in and/or do not read English. You conduct oral negotiations with these consumers in their native dialects, only to present them with English-language contracts which they cannot read and do not understand. We are informed and believe and thereupon allege that you engage in a pattern and practice of targeting Hmong consumers based on their national origin or ethnicity so as to more effectively deprive them of their statutory right to be informed of the true interest rate on their motor vehicles and to more effectively defraud them of their hard-earned money.

We are likewise informed and believe, and thereupon allege that Yia's Auto Sales routinely "assigns" conditional sales contracts to sham financial companies that are owned and operated by the same person or entities as Yia's Auto Sales, without adequate disclosure of this fact to consumers. Yia's Auto Sales thus engages in a pattern and practice of misrepresenting the source of the financing it provides for consumers who are purchasing motor vehicles.

The conduct described above constitutes a violation of the Unruh Civil Rights Act, CA Civil Code §51 *et seq.*, as well as California Vehicle Code §11713.1, and California Civil Code §2981 *et. seq.* In addition, Yia's Auto Sales, Inc.'s conduct in selling vehicles to Ms. Pha, Ms. Lee, and others with interest rates well in excess of the rates disclosed on their purchase contracts while deliberately concealing the true nature of the transaction violates California Civil Codes §§1770(a)(1), (2), (3), (5), (9), (13), (14), (16), and (19).

### Demand for Rectification

On behalf of Ms. Pha, Ms. Lee, and all other similarly situated consumers, we hereby demand that you rectify the above-described misrepresentations, concealments, and deceptive acts by:

* Providing our firm, at your own expense, with a full set of unredacted, unedited, legible copies of all of the purchase contracts that were (1) agreed to by you or your affiliates, (2) agreed to by one or more California consumers, (3) designed to finance, re-finance, lease, or otherwise sell a motor vehicle on credit, *and* (4) signed or dated at any time within the last three years; so that our firm can look at the interest rates on each of those contracts and

Yia's Auto Sales
Platinum Financial
January 13, 2011
Page 3 of 3

determine whether the interest rate was accurately and clearly disclosed;

* Verifying, under penalty of perjury, that you have performed a diligent investigation and that the set of purchase contracts is accurate and complete to the best of your ability;

* Making restitution to each person on the list by fully refunding the amounts that they have paid you in excess of the clearly stated interest rate, or, if there is no such interest rate, in excess of 0% interest;

* Making restitution to each person on the list by fully waiving the amounts that they owe you in excess of the clearly stated interest rate, or, if there is no such interest rate, in excess of 0% interest;

* Paying liquidated damages in the amount of $1,000 for each unlawful contract that fails to accurately and clearly disclose the true interest rate to the California consumers who agreed to those contracts; or, in the alternative, arranging for an independent audit of the financial records of you and your affiliates that will calculate the exact amount of all late fees, repossession fees, etc., paid by your customers by virtue of their inability to make the unlawfully high payments that you charged them, together with pre-judgment interest at the legal rate of 10% on these fees and on the excess interest that you unlawfully collected, said fees and interest to be refunded in full by you to each such customer;

* Ceasing, immediately and forever, to make, assign, or buy any vehicle financing contracts or agreements that misrepresent or fail to clearly state the true interest rate, whether orally or in writing, in English or in any other language;

* Publically apologize to the Hmong community of Sacramento at an appropriate forum and in an appropriate manner, consulting with one or more of the consumers whom you have defrauded in order to determine said forum and manner; and

* Pay reasonable attorney's fees and costs to our firm in the amount of $15,000.

If you wish to discuss the details of this demand for rectification, we are certainly happy to negotiate with you. Any possible settlement will have to provide relief for all of the consumers whom you have defrauded over the last three years.

You have 30 days from the date of this letter to make arrangements with this office to settle this case. If you fail to resolve the case, our clients will have the right to file a complaint for the above-described violations so as to seek money damages in addition to restitution and all other remedies available.

Very truly yours,

Jason Green-Lowe

Enclosures
cc:   Bor Pha, Carrie Ly, Nou Lee.

Buyer (and Co-Buyer's)

Bon Pha – D4397157
5709 Mary Lou Way
Sac CA 95832 916-271-2425

Seller-Creditor (Name and Address)

[illegible] Auto Sales
5850 Franklin Blvd
Sac CA 95824

| Year | Make / Model | Odometer Reading | Vehicle Identification Number | Color |
|---|---|---|---|---|
| 2001 | Honda Odyssey | 139,082 | [illegible] 98 | White |

Body Style: [illegible]

Vehicle Use: [X] Personal, Family or Household [ ] Commercial or Agricultural

The words "you" "we" and "us" refer to the Seller-Creditor in this contract ... [illegible] ... SEE OTHER SIDE FOR ADDITIONAL TERMS AND AGREEMENTS.

FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $2,000 |
| [illegible] % APR | $ 7,340.60 | $ 12,241 – | $ 19,585.60 | $ 21,585.60 |

YOUR PAYMENT SCHEDULE WILL BE:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | | |
| One Payment of | | |
| 45 Payments | $ [illegible] | 10-15-10 |
| One Final Payment | | Monthly beginning |

SECURITY: You are giving a security interest in the goods or property being purchased. LATE CHARGE: If any payment is more than 10 days late you may be charged 5% of the payment. PREPAYMENT: If you pay off this contract in full before its maturity, you may be charged a minimum finance charge ... [illegible] ... See the contract document for any information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds.

ITEMIZATION OF AMOUNT FINANCED

1. Total Cash Price
   A. Cash Price of Motor Vehicle and Accessories $ 13,[illegible] (A)
   Cash Price Vehicle [illegible]
   Cash Price Accessories $ N/A
   Other $ N/A
   $ N/A
   B. Document Preparation Fee $ 45 (B) (not a governmental fee)
   C. Smog Fee Paid to Seller $ 35 (C)
   D. Theft Deterrent Device(s) (optional)
   $ N/A (D)
   $ N/A (D)
   $ N/A (D)
   E. Surface Protection Product(s) (optional)
   $ N/A (E)
   $ N/A (E)
   $ N/A (E)
   F. Sales Tax $ [illegible] (F)
   G. Optional DMV Electronic Filing Fee $ N/A (G)
   H. Service Contract (optional)
   $ N/A (H)
   $ N/A (H)
   $ N/A (H)
   $ N/A (H)
   $ N/A (H)
   I. Prior Credit or Lease Balance paid by Seller to
   $ N/A (I)
   (See down payment and trade-in calculation)
   J. Optional Debt Cancellation Agreement (GAP) to N/A (J)
   K. Used Vehicle Contract Cancellation Option Agreement $ N/A (K)
   L. Other (for) $ N/A (L)
   To whom paid N/A
   Total Cash Price (A to L) $ 14,226 – (1)
2. Amounts Paid to Public Officials
   A. License Fees $ N/A (A)
   B. Registration/Transfer/Titling Fees $ 15 (B)
   C. California Tire Fees $ N/A (C)
   D. Other
   E. Other $ N/A (E)
   Total Official Fees (A to E) $ 15 (2)
3. Amounts Paid to Insurance Companies
   Total premiums from Itemization of insurance column [illegible] $ N/A (3)
4. [ ] Smog Certification Fee or $ N/A (4)
   [ ] Exemption Fee Paid to State
5. Subtotal (1 to 4) $ 14,241 (5)
6. Total Down Payment
   A. Trade-in Value N/A (A)
   Year ___ Make ___
   Model ___
   V.I.N. ___

INSURANCE ESTIMATE

NOTICE: The names and addresses of all persons to whom the notices required or permitted by law to be sent are set forth at the top of this form.

STATEMENT OF INSURANCE

NOTICE: No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. ONLY PHYSICAL DAMAGE INSURANCE IS REQUIRED TO OBTAIN CREDIT.

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You have requested Seller to ... [illegible] ... with coverages by the insurance company.

| | | Premium |
|---|---|---|
| $ ___ Ded., Comp., Fire & Theft | ___ Mos. | $ |
| $ ___ Ded., Collision | ___ Mos. | $ |
| Bodily Injury $ ___ Limits | ___ Mos. | $ |
| Property Damage ___ Limits | ___ Mos. | $ |
| Medical [illegible] | ___ Mos. | $ |
| | ___ Mos. | $ |

TOTAL VEHICLE INSURANCE PREMIUMS $ ___ (3)

[illegible]

X ___ Seller X ___ Buyer

OPTIONAL CREDIT & DISABILITY INSURANCE AUTHORIZATION AND APPLICATION

[illegible]

Credit Life ___ Mos. Premium $
Joint Life ___ Mos. Premium $
Credit Disability ___ Mos. Premium $
TOTAL CREDIT INSURANCE PREMIUMS $ ___ (3)
Insurer ___

[ ] You want Credit Life Insurance [ ] You want Joint Credit Life Insurance
[ ] You want Credit Disability Insurance (Primary Buyer Only)

You are applying for the credit insurance marked above. ... [illegible] ...

CREDIT DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST SIX MONTHS ... [illegible] ...

X ___ Primary Buyer ___ Age
X ___ Co-Buyer ___ Age

OPTIONAL SERVICE CONTRACT(S) ... [illegible] ...

Company ___
Term ___ Mos. or ___ Miles
Company ___
Term ___ Mos. or ___ Miles
Company ___
Term ___ Mos. or ___ Miles

Buyer X ___ X ___

DISCLOSURE OF AUTO BROKER FEE

A BROKERAGE FEE was [ ] was not [X] paid
To (name) ___

(See down or [illegible]
J. Optional Debt Cancellation [illegible] $ ______ (J)
K. Used Vehicle Contract Cancellation Option Agreement $ N/A (K)
L. Other (For) [illegible] $ N/A (L)
To whom paid [illegible] N/A
Total Cash Price (A to L) $ 14,926 — (1)

2. Amounts Paid to Public Officials:
A. License Fees $ N/A (A)
B. Registration/Transfer/Titling Fees $ 15 — (B)
C. California Tire Fees $ N/A (C)
D. Other [illegible] (D)
E. Other $ N/A (E)
Total Official Fees (A to E) $ 15 — (2)

3. Amounts Paid to Insurance Companies:
Total premiums from Statement of Insurance column (4) $ N/A (3)
4. [ ] Smog Certification Fee or [ ] Exemption Fee Paid to State $ [illegible] (4)
5. Subtotal (1 to 4) $ 14,[illegible] (5)
6. Total Down Payment:
A. Trade-in Value N/A (A)
Year ______ Make ______ Model ______ VIN ______ Odometer ______
B. Less Prior Credit or Lease Balance $ N/A (B)
C. Net Trade-in (A less B) $ N/A (C) (indicate if negative number)
D. Deferred Down Payment $ N/A (D)
E. Manufacturer's Rebate $ [illegible] (E)
F. Other [illegible] (F)
G. Remaining Cash Down Payment $ 2,000 (G)
Total Down Payment (C to G) $ 2,000 — (6)
If negative, enter zero on line 6 and enter the amount less than zero as a positive number on line 1J above.
7. Amount Financed (5 less 6) $ 12,[illegible] (7)
Seller may keep a portion of these amounts.

TITLE TRANSFER FEES (Not Financed): [illegible]
OPTION: [ ] You pay no finance charge if the Amount Financed, item 7, is paid in full on or before [illegible] Year ______ SELLER'S INITIALS ______
OPTIONAL DEBT CANCELLATION CONTRACT (GAP): [illegible]
Company N/A Term N/A Months
Buyer X ______
SELLER ASSISTED LOAN [illegible]
[illegible] VIA'S AUTO SALES [illegible]
[illegible]

Prior Credit or Lease Balance [illegible] — Seller used and relied upon information from you or lessor of your trade-in vehicle for the payoff amount in 6B, the Seller [illegible] Buyer X [illegible]

COMPLAINT: If you have a complaint concerning this sale, you should try to resolve it with the Seller. Complaints concerning unfair or deceptive practices or methods by the Seller may be referred to the City Attorney, the District Attorney, or an investigator for the Department of Motor Vehicles, or any combination thereof.

HOW THIS CONTRACT MAY BE CHANGED: After this contract is signed, the Seller may not change the financing or payment terms unless you agree in writing to the change. You do not have to agree to any change, and it is an unfair or deceptive practice for the Seller to make a unilateral change.
Buyer's Signature X ______

TOTAL [illegible]

[ ] You want credit disability insurance (Primary Buyer Only) [illegible]
You are applying for the credit insurance marked above. Your signature below means that you agree that: (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the primary buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR IN THE LAST 6 MONTHS [illegible]
X ______ PRIMARY BUYER DATE ______ AGE ______
X ______ CO-BUYER DATE ______ AGE ______

SERVICE CONTRACT: [illegible] following company for the term shown. The cost is shown on item 1H [illegible]
Company N/A Term ______ Mos. or ______ Miles
Company ______ Term ______ Mos. or ______ Miles
Company ______ Term ______ Mos. or ______ Miles
Buyer X ______ X ______

## DISCLOSURE OF AUTO BROKER FEE
A BROKERAGE FEE [ ] was [ ] was not PAID
to (name) ______

## NOTICE OF RESCISSION RIGHTS
If Buyer signs here, the provisions on the reverse side shall be applicable to this contract.
Buyer's Signature X ______
Co-Buyer's Signature X ______

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle above, federal regulation may require a special buyer's guide to be displayed on the window.

BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

GUÍA DEL COMPRADOR DE AUTOS USADOS. LA INFORMACIÓN QUE USTED VE EN LA FORMA QUE SE ENCUENTRA EN LA VENTANA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN DE LA FORMA EN LA VENTANA ANULA CUALQUIER DISPOSICIÓN QUE DIFIERA CONTRA ELLA AL CONTRATO DE VENTA.

GUARANTY
[illegible]
Guarantor X ______ Date ______
Address ______
Guarantor X ______ Date ______
Address ______

[illegible] PUBLIC LIABILITY INSURANCE LIMITS PROVIDED IN THE LAW MUST BE MET BY EVERY PERSON WHO PURCHASES A VEHICLE. IF YOU ARE UNSURE WHETHER OR NOT YOUR CURRENT INSURANCE POLICY WILL COVER YOUR NEWLY ACQUIRED VEHICLE IN THE EVENT OF AN ACCIDENT, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
WARNING: YOUR PRESENT POLICY MAY NOT COVER COLLISION DAMAGE OR MAY NOT PROVIDE FOR FULL REPLACEMENT COSTS FOR THE VEHICLE BEING PURCHASED. IF YOU DO NOT HAVE FULL COVERAGE, SUPPLEMENTAL COVERAGE FOR COLLISION DAMAGE MAY BE AVAILABLE TO YOU THROUGH YOUR INSURANCE AGENT OR THROUGH THE SELLING DEALER. HOWEVER, UNLESS OTHERWISE SPECIFIED, THE COVERAGE YOU OBTAIN THROUGH THE DEALER PROTECTS ONLY THE DEALER, USUALLY UP TO THE AMOUNT OF THE UNPAID BALANCE REMAINING AFTER THE VEHICLE HAS BEEN REPOSSESSED AND SOLD. FOR ADVICE ON FULL COVERAGE THAT WILL PROTECT YOU IN THE EVENT OF LOSS OR DAMAGE TO YOUR VEHICLE, YOU SHOULD CONTACT YOUR INSURANCE AGENT.
THE BUYER SHALL SIGN TO ACKNOWLEDGE THAT HE/SHE UNDERSTANDS THESE PUBLIC LIABILITY TERMS AND CONDITIONS.
s/ X ______ X ______

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.

"THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION"
California law does not provide for a "cooling off" or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement does not apply to the sale of a recreational vehicle, a motorcycle or an off highway motor vehicle subject to identification under California Law. See the vehicle contract cancellation option agreement for details.

BUYER ACKNOWLEDGES THAT (1) BEFORE SIGNING THIS AGREEMENT BUYER READ BOTH SIDES OF THIS AGREEMENT AND RECEIVED A LEGIBLE, COMPLETELY FILLED IN COPY OF THIS AGREEMENT, AND (2) BUYER HAS RECEIVED A COPY OF EVERY OTHER DOCUMENT THAT BUYER SIGNED DURING THE CONTRACT NEGOTIATION.

Buyer's Signature X ______ Date 9/15/11 Co-Buyer's Signature X ______
A co-buyer is responsible for the payment of the debt on this contract. An additional owner is listed on the title as an owner, but is not responsible for payment of the debt on this contract.
Additional Owner ______ Date ______
Seller VIA'S AUTO SALES Address ______
5850 FRANKLIN BLVD Address ______
SACRAMENTO, CA By X ______ Title ______
916-429-[illegible]

FORM NO. [illegible]

TRUTH IN LENDING COPY 1. Give to BUYER prior to signing. 2. BUYER AND SELLER sign this copy AFTER contract is signed.

DUPLICATE

NOTICE (Federal Law)

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED THE AMOUNTS PAID BY THE DEBTOR HEREUNDER.

TELEPHONE MONITORING AND CALLING

CREDIT APPROVAL TERMS AND CONDITIONS RESCISSION RIGHTS

CLAIM PROCEDURE

ASSIGNMENT WITH RECOURSE

[illegible] contract if [illegible] to assign the contract [illegible] Buyer [illegible] acceptable to Seller.

3. In the event Seller [illegible]

[illegible]

4. Upon notice of Seller's election to rescind the contract [illegible]

5. All terms of the contract [illegible] until the vehicle is returned to Seller.

If you have purchased credit disability insurance in connection with this transaction, the following claim procedures apply:

CLAIM PROCEDURE

If you become disabled, tell us (your creditor) right away. [illegible]

[illegible]

## ASSIGNMENT WITH RECOURSE

FOR VALUE RECEIVED, the Agreement herein assigned [illegible]

[illegible]

Dated _______________ at _______________

Signed _______________ (Name of Dealer) _______________ (Seal) (Dealer's Town and State) By _______________ (Officer, Firm Member or Owner)

## ASSIGNMENT WITHOUT RECOURSE

FOR VALUE RECEIVED, the undersigned (assignor) does hereby sell, assign and transfer to [illegible]

[illegible]

Dated _______________ at _______________

Signed _______________ (Name of Dealer) _______________ (Seal) (Dealer's Town and State) By _______________ (Officer, Firm Member or Owner)

[illegible] Buyer named and the address shown on the reverse side.

The Security Agreement executed by you and the Seller named on the reverse side in connection with the secured property described [illegible]

| NOTICE OF ASSIGNMENT COPY SENT | |
|---|---|
| DATE SENT | SIGNED BY |

Name of Assignee: _______________

Address: _______________

[illegible] (REV. [illegible])

Buyer (and Co-Buyer) Name [illegible] R.O.S. Number Stock Number

Nou, L.
3545 41st Ave. #12
Sacramento, CA 95824

Van's Auto Sales
5850 Franklin Blvd.
Sacramento, CA 95824
(916) 422-0601

| New/Used | Year | Make/Model | Cyl. | Odometer Reading | Vehicle Identification Number |
|---|---|---|---|---|---|
| U | 99 | Toyota Camry | 4 | 159,111 | [illegible] |
| | Color: White | Trim | | | Lic. No. 4TLF228 |

The words "we", "us" and "our" refer to the creditor in this contract ... The words "you" and "your" refer to the buyer and co-buyer ... By signing this contract, you agree to buy the vehicle on credit and pay the Total Sale Price ... SEE OTHER SIDE FOR ADDITIONAL TERMS AND AGREEMENTS.

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your down payment of $ 1,507 |
| [illegible] % | $ [illegible] | $ [illegible] | $ [illegible] | $ [illegible] |

## Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| One Payment of | | |
| One Payment of | | |
| [illegible] Payments | $ [illegible] | 12/5/07 |
| One Final Payment | [illegible] | Monthly, beginning |

SECURITY: You are giving a security interest in the goods or property being purchased. LATE CHARGES: If any payment is more than 10 days late you may be charged 5% of the late amount. PRE-PAYMENT: If you pay your contract in full before its maturity, you may be charged a minimum finance charge. See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment minimum finance charge.

(e) means an estimate

### ITEMIZATION OF AMOUNT FINANCED

1. Total Cash Price
   A. Cash Price Vehicle/Accessories/Other ... $ [illegible] (A)
      1. Cash Price Vehicle ... $ 7,800
      2. Cash Price Accessories ... $ 0
      3. Other ... $ 0
      ... $ 0
   B. Document Preparation Fee ... $ 45 (B) (not a governmental fee)
   C. Smog Fee Paid to Seller ... $ 24 (C)
   D. Theft Deterrent Device(s) ... $ 0 (D)
      ... $ N/A (D)
      ... $ [illegible] (D)
      ... $ [illegible] (D)
   E. Surface Protection Product(s) ... $ 0 (E)
      ... $ N/A (E)
      ... $ [illegible] (E)
      ... $ [illegible] (E)
   F. Sales Tax ... $ [illegible] (F)
   G. Optional DMV Electronic Filing Fee ... $ [illegible] (G)
   H. Service Contract (optional) ... $ 0 (H)
      ... $ 0 (H)
      ... $ 0 (H)
   I. Prior Credit or Lease Balance paid by Seller to ... $ 0 (I)
      (See down payment and trade-in calculation)
   J. Optional Debt Cancellation Agreement (GAP) ... $ 0 (J)
   K. Used Vehicle Contract Cancellation Option Agreement ... $ 0 (K)
   L. Other (For) ... $ 0 (L)
      To whom paid
   Total Cash Price (A to L) ... $ 9,457 (1)
2. Amounts Paid to Public Officials
   A. License Fees ... $ 0 (A)
   B. Registration/Transfer/Titling Fees ... $ [illegible] (B)
   C. California Tire Fees ... $ 0 (C)
   D. Other ... $ 0 (D)
   E. Other ... $ 0 (E)
   Total Official Fees (A to E) ... $ [illegible] (2)
3. Amounts Paid to Insurance Companies
   (Total premiums from Statement of Insurance column a+b) ... $ 0 (3)
4. ☐ Smog Certification Fee or ☐ Exemption Fee Paid to State ... $ 0 (4)
5. Subtotal (1 to 4) ... $ [illegible] (5)
6. Total Down Payment
   A. Trade-in Value ... $ 8,598 (A)
      Year ____ Make ____ Model ____ V.I.N. N/A Odometer ____
   B. Less Prior Credit or Lease Balance ... $ (B)
   C. Trade-in (A less B) ... $ (C) (Enter 0 if negative number)
   D. Deferred Down Payment ... $ (D)

NOTICE: The names and addresses of all persons to whom the notices required or permitted by law to be sent are set forth at the top of this form.

### STATEMENT OF INSURANCE

NOTICE: No person is required as a condition of financing the purchase of a motor vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. ONLY PHYSICAL DAMAGE INSURANCE IS REQUIRED TO OBTAIN CREDIT.

UNLESS A CHARGE IS INCLUDED IN THIS AGREEMENT FOR PUBLIC LIABILITY OR PROPERTY DAMAGE INSURANCE, PAYMENT FOR SUCH COVERAGE IS NOT PROVIDED BY THIS AGREEMENT.

You have requested Seller to include in the balance due under this agreement the following insurance: Buyer requests Seller to procure insurance upon the described property against fire, theft, and collision for the term of this agreement. Any insurance will not be in force until accepted by the insurance company.

| | | Premium |
|---|---|---|
| $ ____ DED. COMP., FIRE & THEFT | ____ Mos. | $ |
| $ ____ DEDUCTIBLE COLLISION | ____ Mos. | $ |
| BODILY INJURY $ ____ LIMITS | ____ Mos. | $ |
| PROPERTY DAMAGE $ ____ LIMITS | ____ Mos. | $ |
| MEDICAL | ____ Mos. | $ |
| | ____ Mos. | $ |
| | ____ Mos. | $ |
| TOTAL VEHICLE INSURANCE PREMIUMS | | $ ____ (a) |

The foregoing disclosures are hereby acknowledged.
X ____ SELLER X ____ BUYER

### CREDIT INSURANCE AUTHORIZATION AND APPLICATION

You voluntarily request the credit insurance checked below. You understand that such insurance is not required. Your acknowledgment of the cost of such insurance ... Only the persons whose names are signed below are insured.

CREDIT LIFE ____ Mos. Premium $ ____
JOINT LIFE ____ Mos. Premium $ ____
CREDIT DISABILITY ____ Mos. Premium $ ____
TOTAL CREDIT INSURANCE PREMIUMS $ ____ (b)

☐ You want Credit Life insurance ☐ You do not want Credit Life insurance
☐ You want Credit Disability insurance (Primary Buyer Only)
☐ You do not want Credit Disability insurance
☐ You want Joint Credit Life insurance

You are applying for the credit insurance marked above. Your signature below means that you agree that (1) You are not eligible for insurance if you have reached your 65th birthday. (2) You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the Effective Date. (3) Only the primary buyer is eligible for disability insurance. DISABILITY INSURANCE MAY NOT COVER CONDITIONS FOR WHICH YOU HAVE SEEN A DOCTOR OR CHIROPRACTOR ... "Total Disabilities Not Covered" in your policy or certificate for details.

DATE ____ PRIMARY BUYER ____ AGE
DATE ____ CO-BUYER ____ AGE

### DISCLOSURE OF AUTO BROKER FEE

A BROKERAGE FEE: was ☐ was not ☒ PAID to (name):

### NOTICE OF RESCISSION RIGHTS

If Buyer signs here, the provisions of the ... on the reverse side shall be applicable to this contract.

DISCLOSURE OF AUTO BROKER FEE

NOTICE OF RESCISSION RIGHTS

"THERE IS NO COOLING OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION"

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED THE AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**CLAIM PROCEDURE**

**ASSIGNMENT WITH RECOURSE**

[illegible] ... address to which you are normally required to send your payments.

If your disability insurer ... THREE CALENDAR MONTHS ... [illegible] ... FORECLOSE UPON OR REPOSSESS ANY COLLATERAL UNTIL ... [illegible]

[illegible]

## ASSIGNMENT WITH RECOURSE

FOR VALUE RECEIVED, ... [illegible]

[illegible]

Dated ______________________ at ______________________

Signed ______________________ (Seal) ______________________ (Dealer's Town and State)

(Name of Dealer) By ______________________ (Officer, Firm Member or Owner)

## ASSIGNMENT WITHOUT RECOURSE

FOR VALUE RECEIVED, the undersigned (assignor) does hereby sell, assign and transfer to ______________________ ... [illegible] ... WITHOUT RECOURSE ... [illegible]

[illegible]

Dated ______________________ at ______________________

Signed ______________________ (Seal) ______________________ (Dealer's Town and State)

(Name of Dealer) By ______________________ (Officer, Firm Member or Owner)

[illegible]

| NOTICE OF ASSIGNMENT COPY SENT | |
| --- | --- |
| DATE SENT | SIGNED BY |

Name of Assignee ______________________

Address ______________________

12/10/2010 - Page 1

Compound Period ..........: Monthly

Nominal Annual Rate ....: 20.310 %
Effective Annual Rate ...: 22.312 %
Periodic Rate ................: 1.6925 %
Daily Rate ......................: 0.05565 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|-------|-----------|--------|--------|--------|----------|
| 1  Loan | 12/10/2010 | 12,241.00 | 1 | | |
| 2  Payment | 01/10/2011 | 326.43 | 60 | Monthly | 12/10/2015 |

AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| Loan  12/10/2010 | | | | |
| 2010  Totals | 0.00 | 0.00 | 0.00 | 12,241.00 |
| | | | | |
| 1  01/10/2011 | 326.43 | 207.18 | 119.25 | 12,121.75 |
| 2  02/10/2011 | 326.43 | 205.17 | 121.26 | 12,000.49 |
| 3  03/10/2011 | 326.43 | 203.11 | 123.32 | 11,877.17 |
| 4  04/10/2011 | 326.43 | 201.03 | 125.40 | 11,751.77 |
| 5  05/10/2011 | 326.43 | 198.90 | 127.53 | 11,624.24 |
| 6  06/10/2011 | 326.43 | 196.74 | 129.69 | 11,494.55 |
| 7  07/10/2011 | 326.43 | 194.55 | 131.88 | 11,362.67 |
| 8  08/10/2011 | 326.43 | 192.32 | 134.11 | 11,228.56 |
| 9  09/10/2011 | 326.43 | 190.05 | 136.38 | 11,092.18 |
| 10  10/10/2011 | 326.43 | 187.74 | 138.69 | 10,953.49 |
| 11  11/10/2011 | 326.43 | 185.39 | 141.04 | 10,812.45 |
| 12  12/10/2011 | 326.43 | 183.01 | 143.42 | 10,669.03 |
| 2011  Totals | 3,917.16 | 2,345.19 | 1,571.97 | |
| | | | | |
| 13  01/10/2012 | 326.43 | 180.58 | 145.85 | 10,523.18 |
| 14  02/10/2012 | 326.43 | 178.11 | 148.32 | 10,374.86 |
| 15  03/10/2012 | 326.43 | 175.60 | 150.83 | 10,224.03 |
| 16  04/10/2012 | 326.43 | 173.05 | 153.38 | 10,070.65 |
| 17  05/10/2012 | 326.43 | 170.45 | 155.98 | 9,914.67 |
| 18  06/10/2012 | 326.43 | 167.81 | 158.62 | 9,756.05 |
| 19  07/10/2012 | 326.43 | 165.13 | 161.30 | 9,594.75 |
| 20  08/10/2012 | 326.43 | 162.40 | 164.03 | 9,430.72 |
| 21  09/10/2012 | 326.43 | 159.62 | 166.81 | 9,263.91 |
| 22  10/10/2012 | 326.43 | 156.80 | 169.63 | 9,094.28 |
| 23  11/10/2012 | 326.43 | 153.92 | 172.51 | 8,921.77 |
| 24  12/10/2012 | 326.43 | 151.00 | 175.43 | 8,746.34 |
| 2012  Totals | 3,917.16 | 1,994.47 | 1,922.69 | |
| | | | | |
| 25  01/10/2013 | 326.43 | 148.04 | 178.39 | 8,567.95 |
| 26  02/10/2013 | 326.43 | 145.02 | 181.41 | 8,386.54 |
| 27  03/10/2013 | 326.43 | 141.95 | 184.48 | 8,202.06 |

12/10/2010   Page 2

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| 28  04/10/2013 | 326.43 | 138.82 | 187.61 | 8,014.45 |
| 29  05/10/2013 | 326.43 | 135.65 | 190.78 | 7,823.67 |
| 30  06/10/2013 | 326.43 | 132.42 | 194.01 | 7,629.66 |
| 31  07/10/2013 | 326.43 | 129.14 | 197.29 | 7,432.37 |
| 32  08/10/2013 | 326.43 | 125.80 | 200.63 | 7,231.74 |
| 33  09/10/2013 | 326.43 | 122.40 | 204.03 | 7,027.71 |
| 34  10/10/2013 | 326.43 | 118.95 | 207.48 | 6,820.23 |
| 35  11/10/2013 | 326.43 | 115.44 | 210.99 | 6,609.24 |
| 36  12/10/2013 | 326.43 | 111.86 | 214.57 | 6,394.67 |
| 2013  Totals | 3,917.16 | 1,555.49 | 2,351.67 | |
| | | | | |
| 37  01/10/2014 | 326.43 | 108.23 | 218.20 | 6,176.47 |
| 38  02/10/2014 | 326.43 | 104.54 | 221.89 | 5,954.58 |
| 39  03/10/2014 | 326.43 | 100.78 | 225.65 | 5,728.93 |
| 40  04/10/2014 | 326.43 | 96.96 | 229.47 | 5,499.46 |
| 41  05/10/2014 | 326.43 | 93.08 | 233.35 | 5,266.11 |
| 42  06/10/2014 | 326.43 | 89.13 | 237.30 | 5,028.81 |
| 43  07/10/2014 | 326.43 | 85.11 | 241.32 | 4,787.49 |
| 44  08/10/2014 | 326.43 | 81.03 | 245.40 | 4,542.09 |
| 45  09/10/2014 | 326.43 | 76.88 | 249.55 | 4,292.54 |
| 46  10/10/2014 | 326.43 | 72.65 | 253.78 | 4,038.76 |
| 47  11/10/2014 | 326.43 | 68.36 | 258.07 | 3,780.69 |
| 48  12/10/2014 | 326.43 | 63.99 | 262.44 | 3,518.25 |
| 2014  Totals | 3,917.16 | 1,040.74 | 2,876.42 | |
| | | | | |
| 49  01/10/2015 | 326.43 | 59.55 | 266.88 | 3,251.37 |
| 50  02/10/2015 | 326.43 | 55.03 | 271.40 | 2,979.97 |
| 51  03/10/2015 | 326.43 | 50.44 | 275.99 | 2,703.98 |
| 52  04/10/2015 | 326.43 | 45.77 | 280.66 | 2,423.32 |
| 53  05/10/2015 | 326.43 | 41.02 | 285.41 | 2,137.91 |
| 54  06/10/2015 | 326.43 | 36.18 | 290.25 | 1,847.66 |
| 55  07/10/2015 | 326.43 | 31.27 | 295.16 | 1,552.50 |
| 56  08/10/2015 | 326.43 | 26.28 | 300.15 | 1,252.35 |
| 57  09/10/2015 | 326.43 | 21.20 | 305.23 | 947.12 |
| 58  10/10/2015 | 326.43 | 16.03 | 310.40 | 636.72 |
| 59  11/10/2015 | 326.43 | 10.78 | 315.65 | 321.07 |
| 60  12/10/2015 | 326.43 | 5.36 | 321.07 | 0.00 |
| 2015  Totals | 3,917.16 | 393.91 | 3,518.25 | |
| | | | | |
| Grand Totals | 19,585.80 | 7,344.80 | 12,241.00 | |

12/10/2010   Page 3

Last interest amount decreased by 0.07 due to rounding.

Compound Period .......... : Monthly

Nominal Annual Rate .... : 21.201   %
Effective Annual Rate ... : 23.387   %
Periodic Rate ................. : 1.7667   %
Daily Rate ..................... : 0.05808 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1  Loan | 12/20/2010 | 7,098.00 | 1 | | |
| 2  Payment | 01/20/2011 | 268.15 | 36 | Monthly | 12/20/2013 |

AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| | Loan  12/20/2010 | | | | 7,098.00 |
| | 2010  Totals | 0.00 | 0.00 | 0.00 | |
| 1 | 01/20/2011 | 268.15 | 125.40 | 142.75 | 6,955.25 |
| 2 | 02/20/2011 | 268.15 | 122.88 | 145.27 | 6,809.98 |
| 3 | 03/20/2011 | 268.15 | 120.31 | 147.84 | 6,662.14 |
| 4 | 04/20/2011 | 268.15 | 117.70 | 150.45 | 6,511.69 |
| 5 | 05/20/2011 | 268.15 | 115.04 | 153.11 | 6,358.58 |
| 6 | 06/20/2011 | 268.15 | 112.34 | 155.81 | 6,202.77 |
| 7 | 07/20/2011 | 268.15 | 109.59 | 158.56 | 6,044.21 |
| 8 | 08/20/2011 | 268.15 | 106.79 | 161.36 | 5,882.85 |
| 9 | 09/20/2011 | 268.15 | 103.93 | 164.22 | 5,718.63 |
| 10 | 10/20/2011 | 268.15 | 101.03 | 167.12 | 5,551.51 |
| 11 | 11/20/2011 | 268.15 | 98.08 | 170.07 | 5,381.44 |
| 12 | 12/20/2011 | 268.15 | 95.08 | 173.07 | 5,208.37 |
| | 2011  Totals | 3,217.80 | 1,328.17 | 1,889.63 | |
| 13 | 01/20/2012 | 268.15 | 92.02 | 176.13 | 5,032.24 |
| 14 | 02/20/2012 | 268.15 | 88.91 | 179.24 | 4,853.00 |
| 15 | 03/20/2012 | 268.15 | 85.74 | 182.41 | 4,670.59 |
| 16 | 04/20/2012 | 268.15 | 82.52 | 185.63 | 4,484.96 |
| 17 | 05/20/2012 | 268.15 | 79.24 | 188.91 | 4,296.05 |
| 18 | 06/20/2012 | 268.15 | 75.90 | 192.25 | 4,103.80 |
| 19 | 07/20/2012 | 268.15 | 72.50 | 195.65 | 3,908.15 |
| 20 | 08/20/2012 | 268.15 | 69.05 | 199.10 | 3,709.05 |
| 21 | 09/20/2012 | 268.15 | 65.53 | 202.62 | 3,506.43 |
| 22 | 10/20/2012 | 268.15 | 61.95 | 206.20 | 3,300.23 |
| 23 | 11/20/2012 | 268.15 | 58.31 | 209.84 | 3,090.39 |
| 24 | 12/20/2012 | 268.15 | 54.60 | 213.55 | 2,876.84 |
| | 2012  Totals | 3,217.80 | 886.27 | 2,331.53 | |
| 25 | 01/20/2013 | 268.15 | 50.83 | 217.32 | 2,659.52 |
| 26 | 02/20/2013 | 268.15 | 46.99 | 221.16 | 2,438.36 |
| 27 | 03/20/2013 | 268.15 | 43.08 | 225.07 | 2,213.29 |

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 28 | 04/20/2013 | 268.15 | 39.10 | 229.05 | 1,984.24 |
| 29 | 05/20/2013 | 268.15 | 35.06 | 233.09 | 1,751.15 |
| 30 | 06/20/2013 | 268.15 | 30.94 | 237.21 | 1,513.94 |
| 31 | 07/20/2013 | 268.15 | 26.75 | 241.40 | 1,272.54 |
| 32 | 08/20/2013 | 268.15 | 22.48 | 245.67 | 1,026.87 |
| 33 | 09/20/2013 | 268.15 | 18.14 | 250.01 | 776.86 |
| 34 | 10/20/2013 | 268.15 | 13.73 | 254.42 | 522.44 |
| 35 | 11/20/2013 | 268.15 | 9.23 | 258.92 | 263.52 |
| 36 | 12/20/2013 | 268.15 | 4.63 | 263.52 | 0.00 |
| 2013 | Totals | 3,217.80 | 340.96 | 2,876.84 | |
| | | | | | |
| Grand Totals | | 9,653.40 | 2,555.40 | 7,098.00 | |

Last interest amount decreased by 0.03 due to rounding.

PROOF OF SERVICE

Re:     ***Pha v. Yang***
        **USDC-Eastern District of California Case No. 2:12-cv-01580-TLN-DAD**
        **Sacramento County Superior Court Case No. 34-2011-00098805**

I, Sean R. Barry, certify that I am not a party to the proceeding herein, that I am and was at the time of service over the age of 18 years old, and a resident of the State of California. My business address is 445 Bush Street, San Francisco, California 94108.

On August 27, 2013, I served the following:

**THIRD AMENDED COMPLAINT FOR RESTITUTION, DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE REES-LEVERING AUTOMOBILE SALES FINANCE ACT, CIVIL CODE §2981, ET SEQ.; THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1770 ET SEQ.; BUSINESS & PROFESSIONS CODE §17200 ET SEQ.; UNRUH CIVIL RIGHTS ACT, CIVIL CODE §51, ET SEQ.; AND CONVERSION**

(VIA ELECTRONIC CASE FILING)   I filed electronically the documents listed above, using the above-captioned Court's electronic case filing service.   Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 17, 2013

Sean R. Barry