1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF   CALIFORNIA

10

11   BOR PHA and NOU LEE,                     No.  2:12-cv-01580-TLN-DAD

12                   Plaintiffs,

13        v.                                  **MEMORANDUM AND ORDER**

14   YIA YANG; YIA YANG dba YIA'S
     AUTO SALES; YIA YANG dba
15   PLATINUM FINANCIAL; YIA'S AUTO
     SALES, INC.; GREAT AMERICAN
16   INSURANCE COMPANY and DOES 3
     through 10, inclusive,
17
                     Defendants.
18

19          This matter is before the Court on Plaintiffs' motion for class certification (ECF No. 88).

20   Defendants Yia Yang; Yia Yang dba Yia's Auto Sales; Yia Yang dba Platinum Financial, and

21   Yia's Auto Sales, Inc. filed a statement of non-opposition.  (ECF No. 108.)  Defendant Great

22   American Insurance Company ("Great American") did not file an opposition (or a non-

23   opposition) to Plaintiffs' motion for class certification.[1]  For the reasons set forth below and

24   without opposition from any Defendants, the Court HEREBY GRANTS Plaintiffs' motion for

25   class certification.

26   _____

27   [1] It is not clear from Plaintiffs' briefing if they are seeking to certify a class to advance their
     Seventh Cause of Action against Great American.  Although Plaintiffs list the Seventh Cause of
     Action in their Notice of Motion (ECF No. 88 at 1:8–9), they do not discuss it in the motion's
28   statement of facts or the "Claims Asserted" section.

                                            1

1

**BACKGROUND**

2      This is a putative class action brought by Plaintiffs Bor Pha and Nou Lee ("Plaintiffs").

3   Plaintiffs allege that Defendants Yia Yang and Yia Auto Sales, Inc.[2] sold automobiles and

4   arranged financing for those automobiles without providing purchasers with the statutorily

5   required disclosures concerning the terms and condition of credit.  Specifically, Plaintiffs allege

6   that the Dealer Defendants listed the annual interest rate as 12% even though the actual rate was

7   in excess of 20%.  (Third Am. Compl., ECF No. 87 at ¶ 2.)

8      Plaintiffs set forth seven causes of action: (1) violation of the Rees-Levering Automotive

9   Sales Finance Act, California Civil Code § 2983.3; (2) violation of the Consumer Legal Remedies

10  Act, California Civil Code § 1770; (3) violation of the California Business and Professions Code

11  § 17200; (4) violation of the Unruh Civil Rights Act, California Civil Code § 51, (5) conversion;

12  (6) fraud – intentional misrepresentation; and (7) a claim on surety bond pursuant to California

13  Vehicle Code § 11711.  Plaintiffs allege the first through sixth causes of action against the Dealer

14  Defendants.  Plaintiffs allege the seventh cause of action against Defendant Great American only.

15  (*See generally* ECF No. 87.)

16

**STANDARD**

17      A court may certify a class if a plaintiff demonstrates that all of the prerequisites of

18  Federal Rule of Civil Procedure 23(a) have been met and that at least one of the requirements of

19  Rule 23(b) have been met.  Fed. R. Civ. P. 23; *see also Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct.

20  2541, 2548–49 (2011).  Before certifying a class, the trial court must conduct a "rigorous

21  analysis" to determine whether the party seeking certification has met the prerequisites of Rule

22  23.  *Wal-Mart*, 131 S.Ct. at 2551 (quoting *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147,

23  161).  "While the trial court has broad discretion to certify a class, its discretion must be exercised

24  within the framework of Rule 23."  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186

25  (9th Cir.2001), *amended by* 273 F.3d 1266 (9th Cir. 2001) (citing *Doninger v. Pac. Nw. Bell, Inc.*,

26

---

27  [2] Plaintiffs name Defendants Yia Yang, Yia Yang dba Yia's Auto Sales, Yia Yang dba Platinum Financial, and Yia's Auto Sales, Inc.  For brevity, the Court will refer to these Defendants

28  collectively as the "Dealer Defendants."

564 F.2d 1304, 1309 (9th Cir. 1977)).

Rule 23(a) states "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if:

> (1) the class is so numerous that joinder of all members is impracticable [the "numerosity" requirement]; (2) there are question of law or fact common to the class [the "commonality" requirement]; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class [the "typicality" requirement]; and (4) the representative parties will fairly and adequately protect the interests of the class [the "adequacy of representation" requirement].

*See also Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542–43 (9th Cir. 2013).

Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

## ANALYSIS

Plaintiffs move to certify a class of

> [a]ll consumers who, within 4 years prior to filing of this action:
>
> (a) purchased a motor vehicle at Yia's Auto Sales;
>
> (b) who, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*; and
>
> (c) whose contract misstates the applicable interest rate, thereby failing to contain accurate disclosures as required by Regulation Z of the Truth in Lending Act 12 C.F.R. § 226 and the Rees-Levering Automobile Sales Finance Act.

(Not. Mot. & Mot. Class Cert., ECF No. 88 at 2:8–16.)  In addition, Plaintiffs move to certify a subclass of consumers who meet all of the requirements of the class definition above and also "are of Hmong race, ancestry, or national origin."  (ECF No. 88 at 2:16–19.)

### 1. **Numerosity**

The Court finds that there are approximately 253 consumers who fall within the definition of the class.  (Kemnizter Decl., ECF No. 89 at ¶¶ 23–25, Ex. 6–7.)  This is sufficient for numerosity.  Fed. R. Civ. Proc. 23(a)(1) (providing that numerosity exists if "the class is so

1  numerous that joinder of all members is impracticable.") With respect to the subclass, Defendant

2  Yang admitted that the majority of his sales were from the Hmong community, indicating a

3  subclass of approximately 125 individuals.  (ECF No. 89 at Ex. 1 (Yang Depo. 10:8-13)).

4  Therefore, the Court finds that the proposed class and subclass are sufficiently numerous.

5        **2.**    **Commonality**

6        To proceed as a class representative, a plaintiff need only demonstrate that "there are

7  questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Classwide proceedings

8  should also generate "common *answers* . . . to drive the resolution of the litigation."  *Wal-Mart*,

9  131 S. Ct. at 2551 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate*

10  *Proof*, 84 N.Y.U. L. Rev. 91, 132 (2009)).  Commonality requires the plaintiff to demonstrate that

11  the class members "have suffered the same injury[.]"  *Wal-Mart*, 131 S.Ct. at 2551 (internal

12  quotation marks omitted).  In the context of cases alleging deceptive practices, this requirement is

13  met where material misrepresentations have been made to the entire class, the entire class

14  suffered the same injury flowing from the misrepresentations, and the requested relief will

15  remedy the purported harm classwide.  *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022

16  (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1970 (U.S. 2012); *Blackie v. Barrack*, 524 F.2d 891, 903

17  (9th Cir. 1975) ("'(A) fraud perpetrated on numerous persons by the use of similar

18  misrepresentations may be an appealing situation for a class action . . .'" (quoting Advisory

19  Committee on Rule 23, Proposed Amendments to the Rules of Civil Procedure, 39 F.R.D. 69, 103

20  (1966)); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 537–38 (N.D. Cal. 2012).

21        Here, Plaintiffs allege that the Dealer Defendants used a standard form contract that listed

22  12% as the applicable interest rate but instead charged a higher interest rate.  Plaintiffs allege that

23  the Dealer Defendants calculated the actual interest rate by multiplying the amount financed by

24  the number of months the loan was outstanding divided by 10.  Plaintiffs allege that the entire

25  class suffered from the same deceptive practice.

26        Therefore, the Court finds that there are common factual questions including whether the

27  standard document used included all the disclosures required to be set forth in conditional sale

28  contracts under the Rees-Levering Act; whether this practice constituted a fraudulent act or

1  misrepresentation in violation of the Consumers Legal Remedies Act; and whether this practice

2  constituted an unlawful, unfair and/or fraudulent business practice in violation of the Unfair

3  Competition Law.  Furthermore, the Court finds that Defendant Yang's admissions about using a

4  standard form and a standard formula to calculate the actual interest rate demonstrate the

5  likelihood of common answers to these questions.

6       With respect to the proposed subclass, there is the additional common question as to

7  whether Defendant Yang targeted the Hmong community in devising his practice of misstating

8  the interest rate on conditional sale contracts in violation of the Unruh Act.  Defendant Yang

9  admitted that the majority of his sales were from the Hmong community.  Therefore, the Court

10  finds that Defendant Yang's admission demonstrates the likelihood of common answer to this

11  question.

12       The Court finds that these common questions should be litigated and resolved in a class

13  action to assure that all California consumers affected are treated fairly and consistently.  Class

14  treatment is also necessary to avoid a potential explosion of duplicative lawsuits on this point.

15     **3.**     **<u>Typicality</u>**

16       Rule 23(a)(3) requires that the claims of the proposed class representative be "typical" of

17  the claims of the class. "Under the rule's permissive standards, representative claims are 'typical'

18  if they are reasonably co-extensive with those of absent class members; they need not be

19  substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  The

20  typicality requirement is satisfied when "each class member's claim arises from the same course

21  of events, and each class member makes similar legal arguments to prove the defendant's

22  liability." *Stearns*, 655 F.3d at 1019 (internal quotation marks omitted) (quoting *Rodriguez v.*

23  *Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2009)).  In most cases, "a finding of commonality will

24  ordinarily support a finding of typicality." *Barefield v. Chevron U.S.A. Inc.*, No. C 86-2427 THE,

25  1987 WL 65054, at *5 (N.D. Cal. Sept. 9, 1987); *see also Falcon*, 457 U.S. at 157, n. 13 (1982)

26  ("The commonality and typicality requirements of Rule 23(a) tend to merge.").

27  The Court finds that Plaintiffs Bor Pha and Nou Lee are typical of both the class and the subclass:

28  they are California consumers of Hmong race, ancestry, or national origin, who purchased and

financed their motor vehicles through defendant Yang under conditional sale contracts that allegedly misrepresented the applicable interest rate and failed to state all the disclosures required by the Rees-Levering Act and Regulation Z.  The facts on which their claims are based are identical in all material respects to the facts on which the claims asserted on behalf of other putative class members are based.  Like Plaintiffs, each putative class member is a California consumer who purchased and financed a vehicle from defendant Yang under a conditional sale contract.  Like Plaintiffs, each class member was charged an annual percentage rate grossly in excess of the annual percentage rate stated on his or her conditional sale contract. Defendant Yang filled in the terms of the conditional sale contracts according to the same procedure for Plaintiffs and every single class member.

Finally, with respect to the subclass, Plaintiffs allege that Dealer Defendants discriminated against each of them, including named Plaintiffs, on the basis of their Hmong ancestry.  Thus, all the facts on which Plaintiffs' claims are based are typical of the facts on which the claims of the class and subclass are based.

Similarly, the legal theories on which Plaintiffs base their claims against Defendants are identical to those claims.  All class claims are based on California law, the proposed class is limited to California consumers, and all of the transactions at issue occurred in California.

### 4.   <u>Adequacy</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  The standard for adequacy requires similarity, not identity, of interests. Representation is adequate if (i) the named representatives and their counsel appear able to prosecute the action vigorously through qualified counsel, and (ii) there is no antagonism or conflict of interest between the named representatives and their counsel and the other members of the class.  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

Plaintiffs represent that they are aware of their responsibilities as the class representatives and have retained experienced and competent counsel to litigate this action on behalf of themselves and the class.  (Lee Decl., ECF No. 90; Pha Decl., ECF No. 91)  Furthermore, Plaintiffs' counsel appears to have extensive experience in consumer, financial, and class action

1   litigation, and represent that they are capable of and committed to continuing their vigorous

2   litigation of this case.  (ECF No. 89.)

3       The Court also finds that there does not appear to be any conflicts with any members of

4   the class or interests antagonistic to those of the class.  Plaintiffs seek the same relief for

5   themselves as for members of the class and subclass.  Therefore, the Court finds that

6   representation is adequate.

7       **5.**       **Requirements of Rule 23(b)(3)**

8       The Court may certify the class under Rule 23 (b)(3) if it finds that (1) the questions of

9   law or fact common to the members of the class predominate over any questions affecting only

10   individual members, and (2) a class action is superior to other available methods for the fair and

11   efficient adjudication of the controversy.  Fed. R. Civ. P. 23(b)(3).

12              *a.*       ***Common Questions of Law and Fact Predominate***

13       The predominance requirement "tests whether proposed classes are sufficiently cohesive

14   to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623

15   (1997).  "When common questions present a significant aspect of the case and they can be

16   resolved for all members of the class in a single adjudication, there is clear justification for

17   handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at

18   1022 (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice &

19   Procedure § 1778 (2d ed. 1986)).  When, as here, the claim is that a defendant's common policy

20   and practices have violated the law, the key question for class certification is whether the

21   defendant adhered to a consistent practice that serves as the basis for classwide liability. *Kamar*

22   *v. Radio Shack Corp.*, 254 F.R.D. 387, 399 (C.D. Cal. 2008).

23       The Court finds that the predominant question is whether Dealer Defendants set forth an

24   incorrect interest rate of 12% on consumers' conditional sale contracts while charging and

25   collecting interest at a much higher, undisclosed rate.  With respect to the proposed subclass,

26   there is the additional predominant question as to whether Dealer Defendants targeted the Hmong

27   community in their practice of misstating the interest rate on conditional sale contracts.

28       While the amount by which Dealer Defendants overcharged interest may vary slightly

from one consumer to the next, this distinction does not preclude certification of the class. *See Stearns*, 655 F.3d at 1026 (holding mere differences in damage calculations are not sufficient to defeat class certification); *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010) ("In this circuit, however, damage calculations alone cannot defeat certification.").

### b.   Class Treatment is Superior

Rule 23(b)(3) requires that a class action be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). In making that determination, the Rule instructs the court to consider (a) the interest of class members in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of the class. "[C]onsideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (quoting Wright, *supra*, at § 1780).

The Court finds that class action is superior to other available methods for fair and efficient adjudication of the controversy. The amounts at issue, while significant, are too small in themselves to give any individual or attorney the incentive to pursue an individual action. (*See* ECF No. 89 at ¶ 27, Ex. 9.) A class action is, therefore, the superior remedy available.

### c.   The Class Action is Manageable

The Court also finds that trial of aggregate class claims in a single proceeding can easily be managed because (1) Defendant Yang has admitted to the factual predicates underlying his liability to Plaintiffs and the class; (2) the identity of all the class members appears to be known, (3) members of the subclass can easily self-identify upon class notice, and (4) the amount of the remedy to which each class member is entitled is readily determined from the business records that Defendant Yang keeps. Defendants do not dispute these contentions.

/ / /

8

1    **6.       Refinement of the Class Definition**

2          In effort to make the class definition more precise, objective, and ascertainable, the Court

3    exercises its discretion to refine the definition to remove the legal conclusion that class members

4    entered into a contract that "violate[s] Regulation Z of the Truth in Lending Act 12 C.F.R. § 226

5    and the Rees-Levering Automobile Sales Finance Act."  Therefore, the certified class shall be "all

6    consumers who, within 4 years prior to filing of this action: (a) purchased a motor vehicle at

7    Yia's Auto Sales; (b) who, as part of that transaction, entered into an agreement subject to

8    California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*; and (c)

9    whose contract misstates the applicable interest rate."

10                                      **CONCLUSION**

11         Therefore, it is HEREBY ORDERED:

12         1.       Plaintiffs' Motion for Class Certification (ECF No. 88) is GRANTED pursuant to

13   Federal Rule of Civil Procedure 23(a) and 23(b)(3).

14         2.       The Court certifies a class defined as "all consumers who, within 4 years prior to

15   filing of this action: (a) purchased a motor vehicle at Yia's Auto Sales; (b) who, as part of that

16   transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales

17   Finance Act, Civil Code §2981, *et seq.*; and (c) whose contract misstates the applicable interest

18   rate."  This class is certified for purposes of Plaintiffs' First, Second, Third, Fourth, Fifth, and

19   Sixth Causes of Action as alleged in their Third Amended Complaint.

20         3.       The Court further certifies a subclass of consumers who meet all of the

21   requirements of the class definition above and who also "are of Hmong race, ancestry, or national

22   origin."  The Court certifies this subclass with respect to Plaintiffs' Fourth Cause of Action as

23   alleged in their Third Amended Complaint.

24         4.       Insomuch as Plaintiffs seek to certify a class for purposes of their Seventh Cause

25   of Action, Plaintiffs are permitted leave to refile a motion or stipulation within seven (7) days of

26   entry of this order.  Plaintiffs are ordered to meet and confer with Defendant Great American

27   prior to filing the motion or stipulation.

28         5.       The Court appoints Plaintiffs Bor Pha and Nou Lee as class representatives

6.      The Court appoints the law firm of Kemnitzer, Barron & Krieg, LLP as class counsel.

7.      Plaintiffs shall prepare a proposed class notice consistent with Federal Rule of Civil Procedure 23(c)(2)(B).  Plaintiffs shall file their proposed notice within fourteen (14) days of entry of this order for the Court's approval.  *See* Fed. R. Civ. P. 23(c)(2)(B).

**IT IS SO ORDERED.**

Dated: February 18, 2014

Troy L. Nunley
United States District Judge