UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOR PHA and NOU LEE,<br><br>Plaintiff,<br><br>v.<br><br>YIA YANG; YIA YANG dba YIA'S AUTO SALES; YIA YANG dba PLATINUM FINANCIAL; YIA'S AUTO SALES, INC.; and DOES 3 through 10, inclusive,<br><br>Defendants. | No. 2:12-cv-01580-TLN-DAD<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDNG FOR NOTICE TO THE CLASS** |

The parties to the above-captioned action have agreed to settle pursuant to the terms and conditions set forth in a Preliminary Settlement Agreement (the "Settlement" or "Settlement Agreement"). Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the Class[1] would fully, finally, and forever resolve, discharge and release their claims in exchange for Yia Yang, Yia Yang dba Yia's Auto Sales, Yia Yang dba Platinum Financial, and Yia's Auto Sales, Inc. (collectively "Yang" or "Defendant") payment of class relief, service awards, cy pres award, and attorneys' fees.

The Settlement Agreement (ECF No. 141, Ex. 1) has been filed with the Court, and

---

[1] On February 19, 2014, this Court certified the class under Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 116.)

1

Plaintiff has filed a Motion for Preliminary Approval of Class Action Settlement (ECF No. 139). Upon consideration of Plaintiff's motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, IT IS HEREBY ORDERED AND ADJUDGED as follows:

## I.  PRELIMINARY APPROVAL OF SETTLEMENT

1. Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the compromise of claims brought on a class basis.  The purpose of preliminary evaluation of proposed class action settlements is to determine whether the settlement is within the "range of reasonableness."  4 Newberg § 11.26.  Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness.  *See* Manual for Complex Litigation, Third, § 30.42 ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

2. The Court preliminarily approves the Settlement as within the range of reasonableness and possible final judicial approval.  The Court finds that the Settlement was reached in the absence of collusion and is the product of informed, good-faith, arm's length negotiations between the parties and their capable and experienced counsel.  The Settlement Agreement is sufficiently fair and reasonable to warrant sending notice to the Class preliminarily.

## II.  APPROVAL OF NOTICE PROGRAM

3. The Court approves the distribution of the Class Notice, including the Class Notice and the implementation of the Notice Plan.  The Court finds that the Notice Program, described in section 3.05 of the Settlement Agreement (ECF No. 141, Ex. 1): is reasonable and the best practicable notice under the circumstances; is reasonably calculated to apprise Class Members of the pendency of the action and of their right to object or opt-out of the proposed Settlement; constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and meets the requirements of the Federal Rules of Civil Procedure, and requirements of due process under the United States Constitution.  It therefore satisfies Rule 23(e) of the Federal Rules of Civil

Procedure.

4. The Court approves Heffler Claims Group to act as the Claims Administrator. The Claims Administrator shall implement the Notice Program, as set forth below and in the Settlement, using substantially the form of Notice attached as Exhibit B to the Settlement and approved by this Order. (ECF No. 141, Ex. 1 and Ex. B.) Notice shall be provided to Class Members pursuant to the Notice Program, as specified in section 3.05 of the Settlement and approved by this Order.

5. The Claims Administrator shall send a copy of the Class Notice by first-class mail to each Class Member. The Claims Administrator shall use its best efforts to complete the mailing of the Class Notice to Class Members at the most current address available within thirty (30) days after the Court's entry of this Order preliminarily approving the proposed Settlement. Class Notice shall be sent by first-class mail, postage prepaid, bearing the return address of the Claims Administrator. The Class Notice shall be substantially in the form attached here as Exhibit B to the Settlement, unless otherwise modified by agreement of the parties and approved by the Court. (ECF No. 141, Ex. B.)

6. Defendants and the Claims Administrator shall provide Class Counsel with such reasonable access to the notice process as they may need to monitor compliance with the notice process as described herein. The Claims Administrator will promptly log each Class Notice that is returned as undeliverable and provide copies of the log to Defendants and Class Counsel as requested.

7. The Claims Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Program, as set forth in the Settlement Agreement. Ten (10) business days prior to the final hearing, the Class Administrator shall provide declarations to the Court, with a copy to Class Counsel, and Defendants' Counsel, attesting to the measures undertaken to provide the Class Notice to the Class Members.

### III.  OPT-OUTS TO THE SETTLEMENT

8. The Opt-Out Deadline shall be sixty (60) days after the date the Class Notice is mailed to the Class. Class Members who intend to opt out of the settlement must do so by sending a written request for exclusion from the class to the Claims Administrator, such request to be postmarked

on or before the Opt-Out Deadline. The written request must contain the excluded person's name and address and must be signed by that person. A Class Member who desires to be excluded but who fails to comply with the opt-out procedure set forth herein shall not be excluded from the class.

9. The Claims Administrator shall compile a list of all Class Members who timely send such a written request for exclusion and provide a copy of that list to the Clerk of the Court and to Class Counsel no later than ten (10) calendar days after the Opt-Out Deadline.

10. Any Class Member who does not submit a timely, written request for exclusion will be bound by all proceedings, orders and judgments in the action. Class Members who have not timely excluded themselves from the Settlement Class are preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, named plaintiff representative of a class, or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of (i) the claims and causes of action in the Action, or the facts and circumstances relating thereto, or (ii) the Released Claims.

### IV.  OBJECTIONS TO THE SETTLEMENT

11. A Class Member who has not submitted a timely request for exclusion from the Settlement Class may object to the fairness, reasonableness or adequacy of the proposed Settlement, or to the attorneys' fee application.

12. The Objection Deadline shall be sixty (60) days after the date the Class Notice is mailed to the Class. An intent to object must be sent to the Clerk of the Court by first-class mail, postmarked on or before the Objection Deadline. An intent to object must also be sent to Class Counsel, and counsel for Defendants by first-class mail, postmarked on or before the Objection Deadline.

13. To be effective, any objections must comply in all respects with the terms and conditions as set forth in the Class Notice approved herein. All objections must include a clear statement of each objection and the reasons thereto, and must contain a statement concerning whether the Objector intends to appear at the final approval hearing.

14. If an objection is overruled, the Objector will be bound by the terms of settlement.

15. Members of the Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections to the Settlement Agreement.

## V. STAY OF PROCEEDINGS

16. This action is stayed pending Final Approval of the Settlement, except such actions as may be necessary to implement the Settlement Agreement and this Order.

## VI. FINAL APPROVAL HEARING

17. The Court directs that a Final Approval Hearing shall take place on April 23, 2015, at 2:00 PM to determine whether the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class, and whether judgment should be entered dismissing the action on the merits and with prejudice. In the event that the Court approves this proposed Settlement, the Court will consider the amount of an award of fees to Class Counsel subject to the limits of the Settlement Agreement.

IT IS SO ORDERED.

Dated: January 7, 2015

_____
Troy L. Nunley
United States District Judge