1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   BOR PHA and NOU LEE,                      No.  2:12-cv-01580-TLN-DAD

12              Plaintiffs,

13        v.                                   **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

14   YIA YANG; YIA YANG dba YIA'S
     AUTO SALES; YIA YANG dba
15   PLATINUM FINANCIAL; YIA'S AUTO
     SALES, INC.; and DOES 3 through 10,
16   inclusive,

17              Defendants.

18

19        This matter is before the Court on the unopposed motion by Plaintiffs Bor Pha and Nou

20   Lee ("Plaintiffs") for final approval of the parties' settlement.  (ECF No. 155.)  Parties provided

21   the Court with a copy of the Settlement Agreement and Release ("Settlement Agreement"),

22   signed by both parties.  (ECF No. 156-1, Ex. 1.)  The Court held a hearing on this matter on July

23   16, 2015.  For the following reasons, Plaintiffs' motion is GRANTED.

24        **I.        BACKGROUND**

25             **a.  Summary of the Litigation to Date**

26        Plaintiffs Bor Pha and Nou Lee, on behalf of themselves and others similarly situated,

27   seek final approval of a class action settlement. This class action challenges the auto lending

28   practices of Defendants Yia Yang, Yia Yang dba Yia's Auto Sales, Yia Yang dba Platinum

                                               1

1   Financial, and Yia's Auto Sales, Inc. (collectively "Defendants").  Plaintiffs contend that Yang

2   systematically disclosed a 12% APR on his customers' purchase contracts while charging them

3   interest in excess of 20% APR.

4          Plaintiffs filed this action March 7, 2011, challenging this loan activity based on

5   California consumer protection laws.  Plaintiffs state claims for violation of the Rees-Levering

6   Act, Cal. Civil Code §2981, et seq (Claim 1); the Consumers Legal Remedies Act, Cal. Civil

7   Code § 1750 (Claim 2); the Unfair Competition Law, Cal Bus. & Prof. Code § 17200 (Claim 3);

8   the Unruh Civil Rights Act, Cal. Civ. Code § 51 (Claim 4); Conversion (Claim 5); Fraud (Claim

9   6); and Claim on the surety bond, Cal. Vehicle Code § 11711 (Claim 7).  (Third Amended

10   Complaint, ECF No. 87.)

11          After extensive litigation, the parties have agreed to settle, with specific and substantial

12   benefits to an identifiable class. This matter came before the Court pursuant to Plaintiffs Bor Pha

13   and Nou Lee's Motion for Final Approval of the Class Action Settlement and for an Award of

14   Attorneys' Fees, Costs, and Expenses, at which time the parties, and any other interested persons

15   present at the hearing and entitled to be heard, were afforded the opportunity to be heard in

16   support of and in opposition to the proposed Settlement Agreement by and among the named

17   Plaintiffs Bor Pha and Nou Lee, individually and on behalf of the certified Class, and Defendants.

18   (ECF No. 155.)

19          There was no opposition to the Motion.  By this Court's order, dated January 8, 2015, this

20   Court preliminarily approved the settlement, approved the proposed form of class notice, and

21   ordered that notice be given.  Notice of the action and settlement has been given to all Class

22   Members by first-class mail as set forth in the Settlement Agreement and this Court's Preliminary

23   Approval Order (ECF No. 150), Proof of Notice has been filed with the Court, and the deadline

24   for Class Members to opt out or object to the settlement has passed.  Having read and considered

25   all papers and documents presented, all exhibits and affidavits filed, all arguments of counsel, and

26   the law, the Court finds sufficient grounds to grant final approval of the Settlement Agreement.

27

28

**b.  Material Terms of the Settlement Agreement**

**i.  Composition of Settlement Class**

This class is defined as the class certified by this Court on February 20, 2014, and includes all consumers who, within four years prior to the filing of this action: (a) purchased a motor vehicle at Yia's Auto sales; (b) as part of that transaction, entered into an agreement subject to the California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981; and (c) whose contract mistakes the applicable interest rate.  (ECF No. 156-1, Ex. 1 at 4.)

Defendants' business records indicate that there are approximately 344 members of the class.  Of the total 285 notices mailed, the Class Administrator reports zero requests for exclusion and zero objections. (ECF No. 155 at 16.)

**ii.  Settlement Amount**

Defendants have already issued full or partial overpayment refunds or credits to 151 class members in the amount of $86,867.25.  With respect to these 151 class members, Defendants still owe approximately $17,431.22 in overpayment and interest of $9,678.99.  There are approximately 193 class members to whom no overpayment refund or credit has been made.  With respect to these 193 class members, Defendants owe approximately $158,440.43 in overpayments and $96,882.71 in interest. (ECF No. 156-1, Ex. 1 at 12 and Exs. E–F.)

**iii.  Scope of Release**

Class members will release claims against Defendants and dismiss the Action with prejudice as a part of the final resolution of this matter. The class representatives' release agreement is broader than that of unnamed class members and includes certain unknown claims. (ECF No. 156-1, Ex. 1 at 16–17.)

**iv.  Class Representative Incentive**

In addition to the relief they are otherwise entitled to as class members, Plaintiffs Bor Pha and Nou Lee, as class representatives, will receive an incentive award of $5,000 each for their service to the class, subject to the approval of this Court.  With respect to Nou Lee, this service award shall be issued in the form of a check in the amount of $5,000.  With respect to Bor Pha, this award shall be in the form of a $5,000 reduction of the principal amount remaining on her

3

1   loan contract with Yang.  (ECF No. 156-1, Ex. 1 at 15.)

2   **v.  *Cy Pres* Relief**

3       The Settlement Agreement provides that "if any funds remain in the Settlement Fund one

4   hundred and twenty (120) days after the Distribution Date as a result of any Class Member's

5   failure to cash his or her refund check or for any other reasons, such funds will be distributed,

6   subject to Court approval, by the Class Administrator to the Hmong Women's Heritage, a non-

7   profit organization, as cy pres."  (ECF No. 156-1, Ex. 1 at 15.)

8   **vi.  CAFA Notice**

9       On April 10, 2015, the parties submitted notice to the relevant state and federal officials as

10  required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).  More than 90 days

11  have passed since the submission of notice and the entry of this order approving final settlement.

12  28 U.S.C. § 1715(d).

13  **II.       STANDARD FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

14      Whether to approve a class action settlement is "committed to the sound discretion of the

15  trial judge."  *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (internal citations

16  omitted).  A strong judicial policy favors settlement of class actions.  *Id.*

17      Nevertheless, the court must examine the settlement as a whole for overall fairness.

18  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  Neither district courts nor

19  appellate courts have the power to delete, modify, or substitute provisions in the negotiated

20  Settlement Agreement.  *Id*.  "The settlement must stand or fall in its entirety."  *Id.*

21      In order to approve the class action settlement herein, the Court must conduct a three-step

22  inquiry.  *Id.* at 1019.  First, the Court will determine if the defined class meets the prerequisites

23  under 23(a) and (b).  *Id.*  Second, the Court will determine whether the notice requirements of

24  Federal Rule of Civil Procedure 23(c)(2)(B)(3)[1] have been satisfied.  *Id.* at 1025.  Third, the Court

25  must find that the proposed settlement is fair, reasonable, and adequate under Rule 23(e)(3).  *Id.*

26

27

28  [1]       Hereinafter, the term "Rule" means the applicable Federal Rule of Civil Procedure.

4

1    III.    **ANALYSIS**

2              **a.  Rule 23(a) and (b)**

3         The Court previously certified classes in this matter under the prerequisites of Rule 23(a)

4    and Rule 23(b)(3) (ECF No. 116), so it need not find anew that the settlement class meets the

5    certification requirements of Rule 23(a) and (b).  *See, e.g., Harris v. Vector Marketing,* No. C–

6    08–5198, 2012 WL 381202 at *3 (N.D. Cal. Feb. 6, 2012) ("As a preliminary matter, the Court

7    notes that it previously certified ... a Rule 23(b)(3) class ... [and thus] need not analyze whether

8    the requirements for certification have been met and may focus instead on whether the proposed

9    settlement is fair, adequate, and reasonable").

10              **b.  Rule 23(c)(2) Notice Requirements**

11        Parties provided this Court with its Notice of Proposed Class Action Settlement

12   ("Notice").  (ECF No. 156-1, Ex. B.)  Rule 23(c)(2)(B)(i)-(vii) requires that a class action

13   settlement notice must clearly and concisely state the following: (i) the nature of the action; (ii)

14   the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class

15   member may enter an appearance through an attorney if the member so desires; (v) that the court

16   will exclude from the class any member who requests exclusion; (vi) the time and manner for

17   requesting exclusion; and (vii) the binding effect of class judgment on members.

18        The Court finds that the Notice provides a clear headline indicating the nature of the

19   action and the definition of the class.  The Court further finds that the Notice states the claims in

20   the complaint, explains that the complaint concerns a class action, and explains what the

21   settlement means.  The Notice also makes clear that class members have a right to individual

22   attorney representation and may object to the terms of the settlement.  The Court finds that the

23   Notice also makes clear that individuals may request exclusion from the class and provides the

24   time and manner for exclusion.  Finally, the Notice indicates the binding effect of a class

25   judgment on members.  (ECF No. 156-1, Ex. B.)  Therefore, the Court finds the Notice conforms

26   to the requirements of Rule 23(c).

27              **c.  Fair, Reasonable, and Adequate Settlement under Rule 23(e)**

28        The District Court is tasked with exercising its sound discretion to determine the

5

1   reasonableness of a class action settlement on a case-by-case basis.  *Evans v. Jeff D.*, 475 U.S.

2   717, 742 (1986).  "It is the settlement taken as a whole, rather than the individual component

3   parts, that must be examined for overall fairness."  *Staton v. Boeing Co.* 327 F.3d 938, 960 (9th

4   Cir. 2003).  The close scrutiny with which the court views the settlement at the time of final

5   approval is guided by eight factors.  The factors in a court's fairness assessment will naturally

6   vary from case to case, but courts generally must weigh:"(1) the strength of the plaintiff's case;

7   (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of

8   maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the

9   extent of discovery completed and the stage of the proceedings; (6) the experience and views of

10  counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members

11  of the proposed settlement."  *In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 946

12  (9th Cir. 2011).

### i.  Strength of Plaintiffs' Case

14         The first factor addresses the strength of Plaintiffs' case.  When assessing the strength of a

15  plaintiff's case, the Court does not reach "any ultimate conclusions regarding the contested issues

16  of fact and law that underlie the merits of this litigation."  *Officers for Justice v. Civil Serv.*

17  *Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).  Instead, the Court

18  is to "evaluate objectively the strengths and weaknesses inherent in the litigation and the impact

19  of those considerations on the parties' decisions to reach these agreements."  *In re Washington*

20  *Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989).  The Court's

21  assessment of the likelihood of success is "nothing more than an amalgam of delicate balancing,

22  gross approximations and rough justice."  *Officers for Justice*, 688 F.2d at 625 (internal citations

23  omitted).

24         In this case, the Court finds Plaintiffs' case to be sufficiently strong to support the

25  implementation of the Settlement Agreement.  First, the Court has certified the class (ECF No.

26  116), and Defendants have submitted a statement of non-opposition to Plaintiffs' motion for class

27  certification.  (ECF No. 108.)  Therefore, the likelihood of class decertification is extremely

28  small.  Second, Defendant Yang admitted in a deposition that all his contracts were written using

6

the same method and improperly disclosed the applicable interest rate.  (Motion for Preliminary Class Settlement, ECF No. 139 at 6–7.)  This admission indicates a very strong case with respect to Rees-Levering Act, Cal. Civil Code §2981, et seq (Claim 1), the Consumers Legal Remedies Act, Cal. Civil Code §1750, et seq (Claim 2), and the Unfair Competition Law, Cal Bus. & Prof. Code §17200, et seq (Claim 3).  While there is not sufficient evidence to indicate the strength of the remaining four claims, the Court finds the existing evidence sufficient to determine that Plaintiffs' case is sufficiently strong to support the Settlement Agreement.

### ii.  Risk, Expense, Complexity, and Likely Duration of Further Litigation

In assessing the risk, expense, complexity, and likely duration of further litigation, the court evaluates the time and cost required.  *Adoma v. Univ. of Phoenix, Inc*., 913 F. Supp. 2d 964, 976 (E.D. Cal. 2012).  "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc*., 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citing 4 A Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed.2002)).

In this case, the original complaint was filed on June 6, 2012, and has therefore already been pending for over three years.  (ECF No. 1.)  Thus, extensive discovery and voluminous pleadings would have created a complex and expensive trial.  In addition, the specter of continued litigation was of particular concern to Plaintiffs, due to their belief that Defendants may become unavailable or file for bankruptcy.  Moreover, while the litigation has been pending, many Plaintiffs were under an ongoing obligation to pay incorrect amounts on open loan accounts. (ECF No. 155 at 14.) Therefore, the Court finds sufficient evidence that continuing litigation in this case would be risky, expensive, and lengthy.  Therefore, the Court finds that this factor supports approval of the Settlement Agreement.

### iii.  Risk of Maintaining Class Action Status Throughout the Trial

Under Rule 23, the court may revisit its prior grant of certification at any time before final judgment.  Fed.R.Civ.P. 23(c)(1)(C).  The Court is not aware of any risks to maintaining class-action status through trial.  Therefore, this factor is neutral.  *Barbosa v. Cargill Meat Solutions,*

*Corp.*, 297 F.R.D. 431, 446–47 (E.D. Cal. July 2, 2013); see *In re Veritas Software Corp. Sec. Litig.*, No. 03–0283, 2005 WL 3096079, at *5 (N.D. Cal. Nov. 15, 2005) (vacated in part on other grounds, 496 F.3d 962 (9th Cir. 2007)) (favoring neither approval nor disapproval of settlement where the court was "unaware of any risk involved in maintaining class action status"); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 489 (E.D. Cal. 2010) (finding that there were no facts that would defeat class treatment, the factor was considered "neutral" for purposes of final approval of class settlement).

### iv.   Amount Offered in Settlement

Class members will receive a total refund of loan overpayments made, plus interest at a rate of 10% per annum.  (ECF No. 156-1, Ex. 1 at 6–7.)  This amount was reached following extensive discovery and a months-long mediation process.  (ECF No. 155 at 14.)  Plaintiffs indicate that they believe the amount offered in settlement was "excellent."  (ECF No. 155 at 14.)  The Court finds that the amount offered in the Settlement Agreement weighs in favor of approval.

### v.   Extent of Discovery Completed and the Stage of the Proceedings

A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair.  *Vasquez*, 266 F.R.D. at 489.  The parties indicate that they engaged in extensive discovery, including the deposition of Defendant Yang.  (ECF No. 155 at 14.)  The Court instructed parties that all discovery was to be completed by September 30, 2013 (Minutes for Mot. Hearing and Pretrial Scheduling Hearing, ECF No. 82) and settlement was reached almost six months later, on March 24, 2014.  (Minutes for Settlement Conference, ECF No. 131.)  In addition, the settlement was reached through an arms-length negotiation with the assistance of a mediator through a months-long process.  (ECF No. 155 at 14.)  For these reasons, the Court finds that this factor weighs in favor of approval of the Settlement Agreement.

### vi.   Experience and Views of Counsel

"'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."  *Nat'l Rural*, 221 F.R.D. at 528 (quoting *In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997)).  Here, Plaintiffs' counsel Bryan Kemnitzer from Kemnitzer, Barron, & Krieg, LLP declares that "[his] firm has

1   extensive experience in consumer class actions, particularly with regard to class actions relating

2   to the Consumers Legal Remedies Act and Rees-Levering [Automobile] Sales Finance Act." 

3   (ECF No. 140 at 3.)  In addition, Plaintiffs' counsel has represented Plaintiffs since the outset of

4   the litigation.  (Notice of Removal, ECF No. 1.)  Therefore, because counsel is experienced in

5   class action litigation and most familiar with the facts underlying the litigation, this factor weighs

6   toward approval of the Settlement Agreement.

7                             **vii.   Presence of Governmental Participant**

8            There is no governmental participant listed in the motion for preliminary approval.  There

9   is no evidence that a government entity was involved in this case.  Therefore, this factor is

10   irrelevant.  *See Alberto v. GMRI, Inc*., No. CIV 07-1895 WBS DAD, 2008 WL 4891201, at *10

11   (E.D. Cal. Nov. 12, 2008); *Murillo v. Pacific Gas & Elec. Co*., No. CIV. 2:08-1974 WBS GGH,

12   2010 WL 2889728, at *8 (E.D. Cal. July 21, 2010); *Gripenstraw v. Blazin' Wings, Inc*., No. 1:12-

13   cv-00233-AWE-SMS, 2013 WL 6798926, at *13 (E.D. Cal. Dec. 20, 2013).

14                             **viii.   Reaction of the Class Members to the Proposed Settlement**

15            The Class Notice contained a clear explanation of the litigation and the benefits available

16   to class members, and it also disclosed the amount of attorneys' fees proposed to be awarded.  To

17   date, there have been no negative responses.  Of the total 285 notices mailed, the Class

18   Administrator reports zero requests for exclusion and zero objections.  (ECF No. 155 at 16.)

19   **IV.      ATTORNEY'S FEES AND COSTS**

20            Courts are obliged to ensure that the attorneys' fees awarded in a class action settlement

21   are reasonable, even if the parties have already agreed on an amount.  *Adoma*, 913 F. Supp. 2d T

22   981 (citing *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 941 (9th.Cir.

23   2011)).  The Settlement Agreement provides that Yang will pay Class Counsel reasonable

24   attorneys' fees, costs and expenses of $200,000.00 subject to approval by the Court.  (ECF No.

25   156-1, Ex. A at 15−16.)  Plaintiffs filed a Motion for Attorneys' Fees, Costs and Expenses in

26   support of a $200,000.00 settlement amount.  (ECF No. 152.)

27            The Court finds that the case presented complex legal, factual, mathematical, and cultural

28   issues.  Further, the Court notes that the parties have agreed to a payment of $200,000.00,

1  representing less than 45% of the base lodestar amount. Therefore, the Court will not engage in a

2  traditional analysis of the lodestar calculation.  The Court finds that Plaintiffs provided sufficient

3  evidence that the award is reasonable and appropriate under California law.

4        Further, this award is separate from, and additional to, the relief to be granted to the class

5  members.  (ECF No. 155 at 10.)  The fees were negotiated after and apart from the relief to the

6  class and in no way diminishes or affects class-wide benefits. For these reasons, the Court

7  approves the $200,000.00 payment specified in the Settlement Agreement.

8        **V.**      **CONCLUSION**

9        IT IS THEREFORE ORDERED that the parties' motion for final approval of the class

10  action settlement be GRANTED.

11        IT IS FURTHERED ORDERED THAT:

12        1.      This Final Judgment incorporates the Settlement Agreement, and the capitalized

13  terms used in this Final Judgment shall have the meanings and/or definitions given to them in the

14  Settlement Agreement, as submitted to the Court with the Motion for Final Approval of Class

15  Action Settlement Agreement (ECF No. 155), unless otherwise defined herein.

16        2.      The members of the Class have been provided with adequate notice of the action

17  and settlement terms.  The Class Notice, sent via first-class mail to each Class Member,

18  constitutes the best notice practicable under the circumstances, was reasonably calculated to

19  communicate actual notice of the litigation and the proposed settlement to Class members, and is

20  in full compliance with the requirements of Federal Rules of Civil Procedure and due process of

21  law.

22        3.      The members of the Class were given an adequate opportunity to opt out of action

23  and the settlement.  No Class members are excluded from the Class or from the effect of this

24  Final Judgment.

25        4.      The Settlement Agreement is the product of extensive arm's length negotiation

26  between the Parties, as well as a judicial settlement conference before Magistrate Judge Carol

27  Delaney.

28        5.      The Settlement Agreement executed by the Parties provides substantial benefits to

1   the Class members.  The terms thereof are fair, reasonable, adequate, and in the best interests of

2   the Class, and are therefore finally approved and incorporated herein by the Court.

3          6.      The settlement and Settlement Agreement should be implemented and

4   consummated in accordance with the terms of the Settlement Agreement.  To the extent already

5   implemented by the parties, such implementation is hereby approved and ratified by the Court.

6          7.      This Action is hereby dismissed, on the merits, with prejudice, on the terms set

7   forth in the Settlement Agreement, and without any award of attorneys' fees or costs except as

8   expressly provided in the Settlement Agreement and in this Final Order and Judgment.

9          8.      Class Representatives Bor Pha and Nou Lee are granted service awards in the

10  amount of $5,000 each, to be paid by Defendants in accordance with the terms of the Settlement

11  Agreement.

12         9.      Plaintiffs are entitled to an award of attorneys' fees, costs and expenses.  The

13  Parties have negotiated a total award of $200,000.00 for attorneys' fees, costs and expenses.  The

14  Court finds that such an award is reasonable and appropriate under all of the circumstances

15  presented.

16         10.     Jurisdiction is hereby reserved by this Court to assure compliance with all terms of

17  this settlement, in accordance with the Settlement Agreement and this Final Judgment.

18

19         IT IS SO ORDERED.

20         Dated:  August 17, 2015

21

22                                                  Troy L. Nunley
                                                    United States District Judge
23

24

25

26

27

28

11